[Sac. No. 906.   Department Two. — August 13, 1901.]

## JOHN W. CLARKE, JR., Respondent, v. FRANK H. CLARKE, Appellant.

EASEMENT — PRIVATE WAY — PRESCRIPTIVE RIGHT — BURDEN OF PROOF. — One who claims a prescriptive right to a private way over the lands of another person has the burden of proof to establish all of the elements essential to constitute such right. He must prove a user which was adverse to the true owner and hostile to his title, and which was actual, continued, open, and under a claim of right, asserted in such manner that the owner might know of the claim.

ID. — NATURE OF USER — QUESTION OF FACT. — The question whether or not the user was adverse and under claim of right, or whether it was a mere matter of neighborly accommodation, is one of fact to be determined by the trial court in the light of the relation and conduct of the parties, the situation of the property, and all of the circumstances of the case.

ID. — PASSAGE OVER UNINCLOSED LAND — PRESUMPTIONS — PERMISSION OR ACQUIESCENCE OF OWNER — EFFECT OF KNOWLEDGE. — Where the defendant and his tenants were in the habit of passing over an uninclosed strip of land, belonging to the plaintiff, in going to and from their business, the law will presume that such use was by permission or acquiescence of the owner; and his mere knowledge of such occasional use does not raise a presumption that it was hostile or under a claim of right.

ID. — USE BY SILENT PERMISSION FOR FIVE YEARS — CLAIM OF RIGHT NOT COMMUNICATED. — One who was allowed by silent permission of the owner to pass over his uninclosed land for five years, and who never, at any time, communicated to the owner a claim of a right of way over such land, has no prescriptive right thereto.

ID. — NEGLIGENCE OF OWNER — ACTS OF KINDNESS. — Though an owner of land may by his negligence allow the statute of limitations to run against him, where he knows that an adverse user under a hostile title or claim of right is asserted against him, yet no negligence is to be attributed to him from mere acts of kindness in allowing others to pass over his vacant lot without objection.

ID. — ACTION TO QUIET TITLE — DEFENSE OF RIGHT OF WAY — VOID DEED — KNOWLEDGE OF UNRECORDED DEED TO PLAINTIFF. — In an action to quiet title, in which the defendant asserted a right of way over the plaintiff's land, he cannot be aided by a void deed of the right of way, executed by the plaintiff's grantor after he had deeded the lot to the plaintiff, and had no title to grant; nor can the defendant claim protection as an innocent purchaser, for want of record of the prior deed to plaintiff, where it appears that he had actual knowledge thereof.

ID. — CIRCUMSTANCE AGAINST PRESCRIPTIVE TITLE. — It seems that the procuring of such void deed was a strong circumstance tending to show that the defendant then knew that he had no prescriptive title to the right of way.

ID. — CROSS-EXAMINATION — DECLARATIONS OF FORMER OWNER OF LOT. — Where a witness for the defendant had testified on direct examination to declarations of a former owner of the lot in question as to the use of a driveway across the lot, it was proper for the plaintiff to prove by the witness, on cross-examination, that the former owner had declared to the witness that he intended to build a store on the lot for his own use, which would include the part of the premises claimed as a right of way.

APPEAL from a judgment of the Superior Court of Placer County and from an order denying a new trial.   J. E. Prewitt, Judge.

The facts are stated in the opinion.

Tuttle & Tuttle, for Appellant.

John M. Fulweiler, for Respondent.

COOPER, C. — This action was brought to quiet plaintiff's title to a lot in the town of Auburn, 148 feet 10 inches long and 40 feet wide, being on the south side of Railroad Street, and fronting thereon 40 feet.

The case was tried before the court, findings filed, and judgment entered thereon in favor of plaintiff. Defendant brings this appeal from the judgment and from an order denying his motion for a new trial.

In his answer, the defendant — among many other defenses — alleges that he, and those claiming under him, have for more than eight years last past traveled with vehicles and on foot over a certain right of way across the lot, claiming the right to travel the same, adversely to plaintiff; that he has never, during said time, been interrupted in the use of said

right of way, and that plaintiff, during all of said time, had full knowledge of the said travel.

As the case seems to have been tried upon the theory that the above allegations state facts sufficient to show a right of way by prescription, we will so treat them here. The other defenses set forth in the answer seem to be abandoned, and it is practically conceded that the title is in plaintiff, unless the evidence is sufficient to show a right of way in defendant by prescription. The court found against defendant upon the allegations herein stated. He now urges that the findings of the court in this regard are without support in and are contrary to the evidence, and this is the principal point in the case.

Prescription, at common law, was a mode of acquiring title to incorporeal hereditaments by immemorial or long-continued enjoyment. It had its origin in a grant evidenced by usage, and was allowed on account of its loss, either actual or supposed, and for this reason only those things could be prescribed for which could be created by grant. The presumption of the grant of an easement in the lands or over the lands of another is sometimes indulged. When so, it is upon the ground that the owner of the land has submitted to the use without objection for such length of time that his conduct cannot be accounted for upon any other hypothesis. The acts done by the party claiming the benefit of the presumption, and his predecessors in estate, must, however, have been, in themselves, such as the other party, having the right to object to or complain of, did neither, but submitted to them without objection or challenge. (*Hanson* v. *McCue*, 42 Cal. 303.[1])

The law will not allow the land of one person to be taken by another, without any conveyance or consideration, upon slight presumptions or probabilities. (*Niles* v. *Los Angeles*, 125 Cal. 576.)

The burden is upon the party who claims title by prescription to clearly prove by competent evidence all the elements essential to such title. The user must have been adverse to the true owner and hostile to his title. It must have been actual, continued, open, and under a claim of right. It must have all the elements necessary to acquire title by adverse possession. (*Thomas* v. *England*, 71 Cal. 459.)

---

[1] 10 Am. Rep. 299.

Applying the above tests to the evidence, we think the findings of the court as to defendant's alleged prescription are correct. The conduct of the plaintiff, and his predecessors in title, is entirely consistent with the hypothesis that they were at all times the owners of the property, and that they did not recognize the right of defendant to a way over the same. The conduct of defendant was not such as to give the plaintiff the right to complain as to the use of the way over the land. The defendant and his tenants were in the habit of passing over the uninclosed strip of land when going to or from their business. The question as to whether or not the use was under a claim of right, or a mere matter of neighborly accommodation, was a question of fact to be determined by the court in the light of the relations of the parties, their conduct, the situation of the property, and all the surrounding circumstances. The court below saw the witnesses, heard them testify, and found the facts against defendant. Defendant testified that he used the way and claimed the right to use it, but it does not appear that any such claim was ever made to plaintiff or to his grantor. It is not sufficient that the claim of right exist only in the mind of the person claiming it. It must in some way be asserted in such manner that the owner may know of the claim. The fact that the owner knew of the travel and occasional use of the property does not even raise a presumption that such use was hostile or under claim of right. If any party who is allowed by silent permission to pass over the lands of another, nothing being said as to any right being claimed, after five years, without showing that he ever communicated such claim in any way to the owner, can thus gain title by prescription, it would be a blot upon the law. An owner could not allow his neighbor to pass and repass over a trail upon his open, uninclosed land without danger of having an adverse title successfully set up against him. If he had several neighbors who so used the land, several separate titles to rights of way might thus be acquired. The law will presume that the land belongs to the owner of the paper title, and that the use was by permission or silent acquiescence. If this presumption is overcome by evidence showing the use to have been hostile, and that the owner knew of such hostile claim, and took no steps to protect his property, for a period of five years, then the presumption changes. No injustice is done to the owner, if he knows the

claim to be hostile, and that title is being asserted against him, but neglects for five years to avail himself of the right which the law gives him. He is in the position of any other owner of property who negligently allows the statute of limitations to run against him. *Negligentia semper habet infortuniam comitem,* may well be applied to him. But it by no means follows that the owner is negligent because he does acts of kindness. Because he allows others to use and to travel over a vacant lot without objection, the law does not presume that he intended to give it to them. The fact that defendant procured a deed to the right of way from John W. Clarke, Sen., in September, 1898, cannot aid him. John W. Clarke, Sen., had already conveyed the property on the first day of August, 1896, to plaintiff, and hence had nothing to convey in September, 1898. It is said that the prior deed to plaintiff had not been recorded, and that defendant was an innocent purchaser without notice. If the evidence of plaintiff and Mrs. J. W. Clarke is true, defendant knew of the prior deed to plaintiff. The court below has found it to be true, and we have not the power nor the inclination to set aside the finding. If we were passing upon a question of fact, as the trial court, we might think the fact that defendant procured a deed in September, 1898, was a very strong circumstance tending to show that he knew he had no title to the right of way at that time.

The defendant called as a witness one Ball. He was permitted to testify, under defendant's objection, in answer to questions by plaintiff, in cross-examination, that J. W. Clarke, Sen., told him that he intended at some time to build a store on the vacant lot which included the premises claimed as a right of way. It is urged that it was prejudicial error to allow this evidence. We think it was fairly within the scope of the direct examination. The witness was called by defendant. He testified in direct examination that he rented the store building on the lot adjoining the alleyway, or place claimed as a right of way, from J. W. Clarke, Sen., who was then the owner of the lot and store, in September, 1893; that there was an inclosure, at that time, across the front end of the strip in controversy, with a gate in it; that he was there some six years, and used the gate and alleyway frequently; that other parties also used it, driving in and out through the gate; that he built a fence running in the rear of the building, and built a

second fence in 1894 or 1895; that while he was building the second fence, J. W. Clarke, Sen., frequently drove down and stopped at the store, and did not oppose the building of the fences, — made no objection. The witness further said, "Mr. Clarke, Sen., told me several times that it was understood that the two properties should use the driveway."

As the defendant had elicited from the witness in direct examination a conversation or statement made by the owner of the property as to its use, it was proper for plaintiff to ask in cross-examination fully as to such statement, and the fact that the owner intended the property for his own use. The direct examination of the witness was directed to the object of showing that the owner made statements as to the intended use of the alleyway for other parties. The cross-examination tended to show that the owner, in the conversation, declared that he intended at some future time to use the property himself. It would be a very narrow rule that would not allow such cross-examination. As cross-examination affords the most effective mode of testing the accuracy and credibility of a witness, great liberality should be allowed as to all facts and circumstances connected with the matters stated in direct examination. (*People* v. *Westlake*, 124 Cal. 459.)

We have examined the other alleged errors, but find none of them of sufficient importance to merit discussion.

The judgment and order should be affirmed.

Haynes, C., and Gray, C., concurred.

For the reasons given in the foregoing opinion the judgment and order are affirmed.

Henshaw, J., Temple, J., McFarland, J.