[Civ. No. 1259.  First Appellate District.—June 11, 1913.]

## M. F. TARPEY, Respondent, v. W. A. VEITH, Appellant.

RIGHT OF WAY—ACQUISITION BY PRESCRIPTION.—A right of way by prescription may be acquired over lands of another only by user which is neither expressly nor tacitly permissive. Such user must be for the full period of five years, not only open, notorious, and continuous, but adverse and under a communicated claim of right as well.

ID.—USER ALONE INSUFFICIENT TO ESTABLISH.—User alone is not sufficient to establish a prescriptive right of way over the lands of another. Such user must be accompanied by a claim of right communicated to the owner of the land, or it must be shown that the user was so continuous and so openly and notoriously adverse to the owner as to create a presumptive knowledge in the owner that the person using the land was doing so under a claim of right.

ID.—POSTING OF NOTICES AS EVIDENCE AGAINST ADVERSE USER.—The maintenance of notices on the land by the owner that the same was private property, tends to negative any presumption that user by others as a way was adverse to him and under a communicated claim of right.

ID.—EVIDENCE—ADMISSION SUBJECT TO MOTION TO STRIKE OUT—FAILURE TO MAKE MOTION.—Where evidence is admitted subject to a motion to strike it out, but the adverse party afterward fails to make such motion, he cannot be heard on appeal to say that the ruling of the court was erroneous.

ID.—EVIDENCE—INTENTION OF OWNER.—Where the case is tried upon the original pleadings, which proceed on the theory that a strip of land in controversy became a public highway by implied dedication and acceptance, but the amended answer raises the issue of a right of way by prescription, upon which the case is finally determined, the owner's testimony that it was not his intention to dedicate the land to a public use is admissible.

ID.—EVIDENCE—PRACTICE OF ADMITTING SUBJECT TO MOTION TO STRIKE OUT.—The practice of admitting evidence subject to motion to strike out tends to confusion and is not to be commended, but it does not amount to a refusal to rule at all upon the objections to the evidence as made.

APPEAL from a judgment of the Superior Court of Fresno County.  Geo. E. Church, Judge.

The facts are stated in the opinion of the court.

L. L. Cory, for Appellant.

Sutherland & Barbour, for Respondent.

LENNON, P. J.—This action was instituted for the purpose of preventing by injunction the defendant's threatened continuing trespass upon the lands of the plaintiff. The defendant in his original answer denied that he had trespassed upon the lands of plaintiff, or that he had threatened to commit a continuing trespass or any trespass upon such lands; and as a special defense to the action pleaded that the strip of land in controversy was a public highway free and open to the use of the defendant and the public in general.

In accordance with the issue thus raised the case was tried upon the theory that such strip of land became a public highway by the presumptive dedication of the plaintiff and the implied acceptance of the public.

After the submission of the cause but before a decision thereon was rendered the defendant requested permission to amend his answer "so that the allegations and denials thereof may correspond with the proofs." This request, upon due notice to the plaintiff of its making, was granted by the lower court. Thereupon the defendant filed an amended answer, which admitted the plaintiff's ownership of the land; admitted that the defendant had, as was charged in the complaint, entered upon said land and broken down, destroyed, and removed certain fences or barriers erected and maintained by plaintiff, and that he, the defendant, proposed to continue to break down, destroy, and remove any fence or barrier as often as plaintiff erected or repaired the same, for the reason, as was in effect alleged, that the defendant had acquired by adverse user and under a communicated claim of right a prescriptive right of way over the disputed strip of land.

Plaintiff's case in chief was rested upon proof of his ownership and possession of the land in question, and evidence of the actual and threatened continuing trespass of the defendant. The defendant's case rested largely, if not entirely, upon evidence which tended to show that the disputed strip of land had been for more than five years preceding the commencement of the action used by the defendant and the farmers and fruit-growers of the vicinity for the purpose of

hauling fruit and farm products to "Tarpey Switch," and that plaintiff never at any time objected to such user.

In rebuttal the plaintiff showed that in planting to vines the quarter section of land along and across which the disputed strip of land runs, he left avenues similar to the disputed strip on all four sides of said quarter section for use as "turning out rows"; that similar avenues were constructed across the said quarter section north, south, east, and west; that plaintiff permitted certain persons, including the defendant, to use the disputed strip of land without any intention to dedicate it to the public for use as a highway; that plaintiff had instructed his foreman to allow the neighbors in the immediate vicinity, including the defendant, to use the disputed strip for hauling so long as they did not abuse the privilege; that plaintiff at all times maintained signs on the avenues crossing his land, including the avenue or strip of land in controversy, designating them "private roads"; that plaintiff never had any knowledge that defendant or any other person was using the disputed strip of land adversely or under a claim of right; that plaintiff had frequently given permission to near-by neighbors to use a railroad siding known as Tarpey Switch, which at one time was inaccessible save by way of plaintiff's lands; that permission to use this switch necessarily carried with it permission to use the disputed strip of land; that defendant's predecessors in interest as owners of an adjoining quarter section of land had requested and were granted permission by plaintiff to use the Tarpey Switch; that upon one occasion plaintiff had refused such permission because he himself was using the switch.

The trial court's findings of fact in effect covered and disposed of all the issues raised by the amended answer of the defendant, and found in favor of the plaintiff substantially in accord with the allegations of the complaint and the admissions of the amended answer. Among other things the findings of fact in effect declare that the defendant had not at any time used the strip of land in controversy, or traveled the same in vehicles or otherwise, adversely to the plaintiff or under any claim of right; but to the contrary that the user of said strip of land by the defendant and other persons was with the permission and by the sufferance of the plaintiff.

No claim is made here that the evidence shows the disputed strip of land to be a public highway; and no fault is found with the findings upon the score that they are limited to the issue of a prescriptive right of way in the defendant. The principal point relied upon is that the evidence not only does not support the findings as made, but warrants and requires contrary findings to the effect that the defendant had acquired a right of way by prescription over the plaintiff's lands. This contention is based upon the assumption that the evidence shows without dispute "that the defendant for more than five years used the road openly, notoriously, continuously and without objection with the full knowledge of the plaintiff."

Conceding that the evidence shows all that is claimed by the defendant in this behalf, still this would not as a matter of law be sufficient to warrant and support a finding in favor of the defendant. A right of way by prescription may be acquired over the lands of another only by user which is neither expressly nor tacitly permissive. Such user must be for the full period of five years, not only open, notorious, and continuous, but it must be adverse and under a communicated claim of right as well. (Code Civ. Proc., sec. 1007; Jones on Easements, sec. 267; *Stewart* v. *Frink*, 94 N. C. 487; [55 Am. Rep. 619]; *Clarke* v. *Clarke*, 133 Cal. 667; [66 Pac. 10].) That is to say, user alone is not sufficient to establish a prescriptive right of way over the lands of another. Such user must be accompanied by a claim of right communicated to the owner of the land; or it must be shown that the user was so continuous and so openly and notoriously adverse to the owner as to create a presumptive knowledge in the owner that the person using the land was doing so under a claim of right. (Jones on Easements, sec. 266; *Clarke* v. *Clarke*, 133 Cal. 667, [66 Pac. 10].) In other words, in the absence of an actual claim of right, "the use must have been enjoyed under such circumstances as will indicate that it has been claimed as a right, and has not been regarded by the parties merely as a privilege revocable at the pleasure of the owner of the soil." (*Dexter* v. *Tree*, 117 Ill. 532, [6 N. E. 506].) The rule in this behalf is stated in the case of *Clarke* v. *Clarke*, where, upon practically the same state of facts as is presented here, the supreme court said: "The

burden is upon the party who claims title by prescription to clearly prove by competent evidence all the elements essential to such title. The user must have been adverse to the true owner and hostile to his title. It must have been actual, continued and open, and under a claim of right. It must have all the elements necessary to acquire title by adverse possession. . . . It is not sufficient that the claim of right exist only in the mind of the person claiming it. It must in some way be asserted in such manner that the owner may know of the claim. The fact that the owner knew of the travel and occasional use of the property does not even raise a presumption that such use was hostile or under a claim of right.''

In the present case the defendant failed to show that the user upon which he bases his claim to a prescriptive right of way over the land of the plaintiff was had under a claim of right which was actually or presumptively communicated to the plaintiff. Moreover, the evidence practically without conflict is to the effect that at all times the plaintiff was in possession of the disputed strip of land, and at all times maintained notices thereon that the same was private property. This in itself tended strongly to negative any possible presumption that the user by the defendant and the public generally was adverse to the plaintiff and under a communicated claim of right. (Jones on Easements, sec. 196; *Andries* v. *Detriot,* 105 Mich. 557, [63 N. W. 526].) Obviously when measured by the rule enunciated in *Clarke* v. *Clarke,* 133 Cal. 667, [66 Pac. 10], the evidence upon the whole case sufficiently supports the finding that the defendant's user of the strip of land in question was with the permission and by the sufferance of the plaintiff.

The plaintiff was permitted, over the objection of the defendant, to show that plaintiff's foreman had received instructions from plaintiff to permit the defendant to use the strip of land in question for the purpose of hauling produce to the Tarpey Switch. Defendant's objection to this evidence rested primarily upon the ground that it was incompetent for any purpose without a showing that the plaintiff's foreman had communicated his instructions to the defendant. The trial court admitted the evidence referred to subject to a motion to strike it out. It was not subsequently shown that

the instructions given to plaintiff's foreman were ever communicated to the defendant; and it it now insisted that because of the failure to bring home to the defendant knowledge of such instructions the evidence should have been rejected.

Conceding, as the defendant contends, that in the absence of such a showing the evidence complained of was inadmissible for any purpose, the defendant nevertheless is not in a position to complain of the ruling. It is very evident that the trial court in admitting the evidence complained of contemplated that the plaintiff would obviate the defendant's objection by making proof of the fact that plaintiff's permission to use the strip of land in controversy had been communicated to the defendant, and that if the plaintiff failed to make such proof the evidence complained of would be stricken out on motion. No such motion was made. Presumably, if the defendant did not desire the evidence in question to stand, he would have moved to strike it out. We have no doubt that if such a motion had been made it would have been granted. The evidence having been admitted subject to a motion to strike out, and the defendant having failed to make such a motion, he may not now be heard to say that the ruling was erroneous.

The trial court did not err in permitting the plaintiff to testify that it was not his intention to dedicate the disputed strip of land to public use when he permitted the defendant and others to use and travel the same. It may be that evidence of the plaintiff's intention to dedicate or not to dedicate was not material to the issue of a right of way by prescription which was raised by the amended answer and upon which the case was finally determined. The case was not, however, tried and submitted upon that issue, but rather upon the issues raised by the original pleadings, which proceeded upon the theory that the strip of land in controversy had become a public highway by implied dedication and acceptance. The correctness of the ruling complained of must be determined by the theory upon which the case was tried rather than that upon which it was finally decided. Upon the former theory the plaintiff's intention to dedicate or not to dedicate was the ultimate question to be determined; and inasmuch as the circumstances relied upon to show a dedica-

tion did not conclusively indicate an intent to dedicate, the plaintiff was rightfully permitted to state what his intention in that behalf actually was. (*Helm* v. *McClure*, 107 Cal. 199, [40 Pac. 437] ; *Los Angeles* v. *McCollum*, 156 Cal. 148, [23 L. R. A. (N. S.) 378, 103 Pac. 914].)

Complaint is made that the trial court failed to rule upon some objections interposed by the defendant to the introduction of certain evidence at several stages of the trial. The foundation of this complaint is to be found in the lower court's cautious but far from commendable method of repeatedly ruling against the objections of the defendant, with the privilege of moving to strike out later. While such method of conducting a trial is ordinarily more conducive to confusion than to a corect conclusion as to the merits of the points presented by an objection, nevertheless it cannot be said that the method pursued in the present case was tantamount to a refusal to rule at all upon the objections as they were made. As we have already indicated in passing upon a previous point, it was the duty of the defendant to avail himself of the privilege of moving to strike out, and failing in this it will be presumed that ultimately he was satisfied with the rulings as originally made.

The one remaining point made by the defendant with reference to an alleged erroneous ruling made in the admission of evidence is without merit, and does not warrant discussion.

The judgment appealed from is affirmed.

Kerrigan, J., and Hall, J., concurred.

A petition to have the cause heard in the supreme court, after judgment in the district court of appeal, was denied by the supreme court on August 9, 1913.