(No. 6843.   January 3, 1941.)

FIDELITY ACCEPTANCE CORPORATION, a Corporation, Appellant, v. HILDING ERICKSON and GLATHA ERICKSON, His Wife, Respondents.

[108 Pac. (2d) 1031.]

Butler & Madden, for Appellant.

153

J. H. Felton, for Respondents.

HOLDEN, J.—February 15, 1939, the Kemper Chevrolet Company, Inc., of St. Paul, Minnesota, and Frank Proue of the same place, entered into a conditional sale contract, in triplicate, covering a used 1938 Chevrolet Sport Sedan automobile. The contract fixed the price of the sedan at $813.64, payable as follows: $184 on or before delivery and the balance of $629.64 payable at the office of the Fidelity Acceptance Corporation in 18 successive instalments of $34.98, commencing March 20, 1939. The contract contained the provisions that "title to and ownership in said property are vested in the seller and assigns until said indebtedness has been paid in full," and that "the property shall not be removed from the state without written permission of the seller, nor shall the purchaser dispose, or attempt to dispose of his interest herein without the written consent of the seller." On the same day, to wit, February 15, 1939, the contract was assigned to appellant, Fidelity Acceptance Corporation, hereinafter referred to as the company. February 21, 1939, the company caused one of the triplicate originals to be filed with and in the office of the city clerk of the city of St. Paul, a city of the first class in the state of Minnesota. While in default in the payment of certain of the monthly

instalments of the balance of the purchase price, Proue, without the knowledge or consent of the company, drove the automobile out of the state of Minnesota and into the state of Idaho. On or about June 4, 1939, one Floyd Olsen, an Inland Motor Company (Spokane, Washington) salesman, sold the car to respondent Hilding Erickson, the deal being consummated at Troy, Idaho. Erickson had not, at that time, met Proue. Thereafter the company traced the car into the possession of respondents in this state and commenced an action in claim and delivery for its possession and return or its value.

At the trial (March 11, 1940) for the purpose of proving its title and right to immediate possession, the company offered in evidence one of the triplicate originals of the contract (Plaintiff's Exhibit 2). It also offered in evidence a copy of the contract (executed in triplicate and filed with the city clerk of the city of St. Paul, as above stated), certified by such clerk to be a true and correct copy of the original (Plaintiff's Exhibit 3).

It appears Plaintiff's Exhibit 2 was signed:

"Kemper Chevrolet Company Inc.
V. W. Kemper        Sec & Treas.
801 E. 7th, St. Paul, Minn

"Purchaser Frank Proue (signed)
1021 Kruse., St. Paul, Minn."

It further appears a line had been drawn through the signature "V. W. Kemper Sec & Treas." and "F. G. Kemper, Pres" signed thereto. The admission of Plaintiff's Exhibit 2 was objected to on the grounds the instrument had been altered and that no sufficient explanation of the alleged alteration had been made. The admission of Plaintiff's Exhibit 3 was also objected to.

The court reserved its ruling on the admission of these exhibits but later stated:

"I think, so there will be no controversy about it, without in any way passing on the question raised by counsel for the defense, so that the record may be complete, the Court will receive Plaintiff's Exhibits 2 and 3 for identification in evidence."

April 24, 1940, findings of fact and conclusions of law were made, and the next day, April 25, 1940, they were filed and judgment entered thereon against the company, from which it appeals.

The decisive question presented by the record is: Was the triplicate original sales contract offered in evidence by the company entitled to be admitted unconditionally?

Section 16–601, I. C. A., provides:

"The party producing a writing as genuine which has been altered, or appears to have been altered, after its execution, in a part material to the question in dispute, must account for the appearance or alteration. He may show that the alteration was made by another without his concurrence, or was made with the consent of the parties affected by it, or otherwise properly or innocently made, or that the alteration did not change the meaning or language of the instrument. If he do that he may give the writing in evidence, but not otherwise."

The record shows that on February 15, 1939, F. G. Kemper (whose deposition was taken at St. Paul, Minnesota) was president of the Kemper Chevrolet Company; that when asked whether the triplicate original sales contract bore his signature as an officer of the Kemper Chevrolet Company, he replied:

"Yes, but I want to explain that through some sort of a mistake the signature of V. W. Kemper, Secretary and Treasurer, was attached to this contract, and in order to correct this mistake I struck out the signature of V. W. Kemper, Secretary and Treasurer, and attached my signature as President. This was done in order to make all three originals just alike and prior to the time Frank Proue attached his signature thereto."

F. G. Kemper further testified he was present when Frank Proue signed such triplicate original sales contract. The record thus shows, and without contradiction, that while V. W. Kemper attached his signature to the contract and that a line had been drawn through such signature and that F. G. Kemper then signed the instrument as the president of the Kemper Chevrolet Company, that that was done *before* Proue signed, not *after*, which fully explained what appeared

to be an alteration.  Moreover, Proue, having signed after the line had been drawn through the signature of V. W. Kemper and after F. G. Kemper signed the instrument, thereby consented to such change.  Clearly, therefore, the instrument was admissible under the statute.

But respondents insist "deposition exhibits should be attached to or enclosed with the commission or deposition." We have not been able to find, and respondents do not direct our attention to, any provision of our statute (secs. 16–901 to 16–929, I. C. A.) requiring exhibits to be attached to or enclosed with a deposition.

Respondents further contend the record does not show the triplicate conditional sales contract offered in evidence at the trial was the same contract about which F. G. Kemper testified at the taking of his deposition.  We find G. Halverson, a witness for the company, testified he was present at the taking of the F. G. Kemper deposition, and that such contract was handed to Kemper.  Furthermore, it does not appear that more than one conditional sales contract was ever entered into between Proue and the Kemper Chevrolet Company.  It follows Kemper was testifying about the contract handed to him.  We conclude the objection of respondents is without substantial merit.

The company complains the trial court reserved ruling upon numerous objections made by respondents during the course of the trial.  For instance, the court, quite a while after the taking of evidence was concluded, ruled upon the admissibility of Plaintiff's Exhibits 2 and 3, by finding of fact numbered three, as follows:

"That upon the trial of such cause, as its only proof of title, the plaintiff offered in evidence a conditional sale contract designated as 'Plaintiff's Exhibit 2' for identification, and a supposedly certified copy of such conditional sale contract being designated as 'Plaintiff's Exhibit 3' for identification; that such tendered exhibits constituted the only proof of title on the part of the plaintiff; that objection was had to the identification of such instruments and to their admissibility, and ruling thereon was reserved by the court until the determination of this cause; and that the court now supports the defendants' objections that such instruments were

not sufficiently identified and were otherwise not admissible, and rejects such exhibits.''

This court condemned that practice in *Seeley v. Security National Bank*, 40 Ida. 574, 584, 235 Pac. 976. In condemning the practice we quoted with approval from *Tarpey v. Veith*, 22 Cal. App. 289, 134 Pac. 367.

Judgment reversed and the cause remanded with directions to grant a new trial. Costs awarded to appellant.

Ailshie, C. J., and Budge, Givens and Morgan, JJ., concur.