[Civ. No. 3276.   Fourth Dist.   Oct. 26, 1945.]

ALICE C. JONES, Respondent, v. CARRIE TIERNEY-SINCLAIR, Appellant; LUCILE L. WALDEN et al., Cross-defendants and Respondents.

Harvey, Rimel & Harvey and Sharpless Walker for Appellant.

Hammack, McWilliams & Hammack for Respondents.

MARKS, J.—This is an appeal from a judgment which quieted the titles of plaintiff Jones and the cross-defendants Lucile L. and LeRoy F. Walden to certain lots south of the city of Laguna Beach in Orange County against the claim of Carrie Tierney-Sinclair to a private easement of way over the Jones and Walden properties. We will hereafter refer to Alice C. Jones as plaintiff, to Carrie Tierney-Sinclair as defendant, and to Lucile L. and LeRoy F. Walden as cross-defendants.

Defendant owned portions of two lots which she acquired from her mother, Nettie K. Holcombe Pritchard, who purchased a portion or all of the property under an executory contract of sale in 1927. The property adjoining it to the south was owned by Willard I. Cain.

Plaintiff and her predecessors in interest owned portions of two lots adjoining defendant's property on the north during all times material here. Cross-defendants and their predecessors in interest owned the property adjoining plaintiff's property on the north for a like period of time.

In the following statement of facts we will not distinguish between acts done by the parties to this action and acts done by their predecessors in interest, it being understood that when we credit an act as done or a sign posted by a present owner, either may have been done by a predecessor in interest.

All of these properties except those of Mr. Cain and the southerly portion of defendant's land extended from the State Coast Highway to the Pacific Ocean. The Cain property is bounded on the east by a parcel of land designated on a map (Defendant's Exhibit A) as Lot A. It was Mr. Cain's contention in another action that this lot, appearing on a recorded map, was set aside and dedicated as a private way for the use of the abutting land owners in reaching the State Coast Highway from their respective properties. Mrs. Pritchard acquired a deed to a portion of Lot A adjoining her property on the east and probably passed over it in traveling to and from the balance of her property until some time in 1932 or 1933.

The State Highway Department widened and relocated the grade of the State Coast Highway. The work was started in 1932 and completed in 1933. The new grade left defendant's property some 14 feet below the finished grade of the highway. To secure easy ingress to and egress from her property defendant graded a right of way 12 feet wide from the north-

easterly portion of her property over easterly portions of plaintiff's and also cross-defendants' properties, and thereafter maintained and used the way. This use probably started in 1933 and was continued without formal objection until about August 27, 1941, when plaintiff served a written notice on defendant that she was trespassing and requiring her to discontinue the use of the roadway. The use of the way by defendant, her tenants, relatives, guests and friends was open, notorious and continued from about 1933 to August 27, 1941. Whether it was adverse and under claim of right is the question determinative of this appeal. The trial court found that "the defendant Carrie Tierney-Sinclair, her tenants, guests, and persons claiming under her, have not, prior to the filing of this suit, claimed this use or used this road adjacent (adversely?) to either plaintiff Alice C. Jones or Cross-defendants Lucile L. Walden and LeRoy F. Walden, and such use has been without a claim of right to use such road; that all of the use of this road has been with permission of the owners of the respective parcels of real property over which it passed."

■ If the quoted portion of the findings is supported by the evidence the judgment against defendant must be affirmed for it is well settled that a right of way by prescription cannot be acquired by use which is either expressly or tacitly permissive and is not adverse. ■ Such use must be not only open, notorious and continuous for the full statutory period of five years, but must be adverse and under a claim of right expressly communicated, or under such circumstances that knowledge of the claim of right, and that the use was adverse, must be imputed to the owner of the servient tenement. In *Clarke* v. *Clarke,* 133 Cal. 667, 668 [66 P. 10], it was said:

"The burden is upon the party who claims title by prescription to clearly prove by competent evidence all the elements essential to such title. The user must have been adverse to the true owner and hostile to his title. It must have been actual, continued, open, and under a claim of right. It must have all the elements necessary to acquire title by adverse possession. (*Thomas* v. *England,* 71 Cal. 459 [12 P. 491].) . . . .

"It (the adverse claim) must in some way be asserted in such manner that the owner may know of the claim. The fact that the owner knew of the travel and occasional use

of the property does not even raise a presumption that such use was hostile or under claim of right. If any party who is allowed by silent permission to pass over the lands of another, nothing being said as to any right being claimed, after five years, without showing that he ever communicated such claim in any way to the owner, can thus gain title by prescription, it would be a blot upon the law. An owner could not allow his neighbor to pass and repass over a trail upon his open, uninclosed land without danger of having an adverse title successfully set up against him. . . . But it by no means follows that the owner is negligent because he does acts of kindness. Because he allows others to use and to travel over a vacant lot without objection, the law does not presume that he intended to give it to them.''

█ It is thoroughly established that where the use of a way by a neighbor is by the express or implied permission of the owner, the continued use is not adverse and cannot ripen into a prescriptive right. (*Pacific Gas & Elec. Co.* v. *Crockett etc. Co.,* 70 Cal.App. 283 [233 P. 370]; *Nay* v. *Bernard,* 40 Cal.App. 364 [180 P. 827]; *Irvin* v. *Petitfils,* 44 Cal.App.2d 496 [112 P.2d 688].)

█ Plaintiff and her predecessors in interest, and cross-defendants and their predecessors in interest, posted, along the way used and claimed by defendant signs upon which the following was painted: ''Private Property. Permission to pass over revocable at any time,'' followed by the name of the then owner. While defendant and some of her witnesses denied seeing these signs there is ample evidence in the record to support the conclusion that they were first posted in February, 1934, or before, and were kept posted continuously along the way until just before the trial of this action.

The case of *Tarpey* v. *Veith,* 22 Cal.App. 289 [134 P. 367], is factually similar to the instant case in that the land owner maintained signs along the claimed right of way bearing the inscription, ''Private Property.'' In speaking of the legal effect of the signs, the court remarked:

''This in itself tended strongly to negative any possible presumption that the user by the defendant and the public generally was adverse to the plaintiff and under a communicated claim of right. (Jones on Easements, sec. 196; *Andries* v. *Detroit,* 105 Mich. 557 [63 N.W. 526].) Obviously when measured by the rule enunciated in *Clarke* v. *Clarke,* 133 Cal. 667 [66 P. 10], the evidence upon the whole case suf-

ficiently supports the finding that the defendant's user of the strip of land in question was with the permission and by the sufferance of the plaintiff.''

In the case before us, in addition to the words ''Private Property,'' the respective owners added the quoted words which clearly import permission to use the roadway subject to the right to revoke the permission at any time. Where the use of a way is by permission of the owner of the property, there could be no adverse use hostile to his title. As there is much evidence in the record indicating that these signs remained posted along the way for practically the entire time of its use by defendant, the finding that her use was permissive and not adverse has sufficient evidentiary support and defeats defendant's claim of a prescriptive right to the way. This conclusion finds further support in the case of *City of Laguna Beach* v. *Consolidated Mortgage Co.*, 68 Cal.App.2d 38 [155 P.2d 844], where the posted signs in legal effect were similar to those posted in the case before us.

Defendant argues that the judgment should be reversed because the trial judge said in a written opinion that:

''With regard to the signs, it is undoubtedly true as pointed out in Jones on Easements, Section 196, and in the California case of *Tarpey* v. *Veith*, 22 Cal.App. 289 [134 P. 367], that where there is continuous occupancy by the servient *tenant* and signs are maintained, that the property is private, these facts tend to negative the idea that the user is adverse. However, this would seem to contemplate a joint user by the owners of the dominant and servient tenements, while in the present case, the road was laid out by the defendant, was until recently maintained and repaired by her and little or no use was had by anyone but her and her tenants. It is my opinion that while the maintenance of signs declaring that the property is private may be of considerable importance in determining the intention of the owner of property when there is a claim of constructive dedication to public use, that an absent owner can not avoid adverse possession by the simple expedient of erecting a sign which is self-serving in its nature, and it can have no bearing on determining the hostility, notoriety or adversity of the use made by the one claiming an easement. . . .

''I am of the opinion that the case turns on the admissions against interest contained in the pleadings to which I have

heretofore referred. Were it not for these, I would conclude that defendant should prevail, . . .''

It was also remarked by the trial judge in the same opinion that the way was used by defendant ''without any notification to anyone by defendant of such alleged adverse user.''

It has been repeatedly held that although the trial judge may erroneously state his reasons for his conclusions in an opinion, if the evidence supports the findings and the findings support the judgment it will be affirmed on appeal. In *DeCou* v. *Howell,* 190 Cal. 741 [214 P. 444], it is said:

''The deliberations of the court are conclusively merged in the judgment. The findings of fact and conclusions of law constitute the decision which is the final, deliberate expression of the court. To hold that oral or written opinions or expressions of judges of trial courts may be resorted to to overturn judgments would be to open the door to mischievous and vexatious practices. Neither a juror nor a judge is permitted to impeach his verdict or judgment.

''We have, however, given full consideration to the evidence which appellant insists was disregarded or minimized in the opinion of the court and we are satisfied after giving such evidence full consideration that the conclusion reached by the court below is sustained by the evidence.'' (See also, *Southern Cal. Freight Lines* v. *San Diego etc. Co.,* 66 Cal. App.2d 672 [152 P.2d 470] ; *Broadfoot* v. *Leather Supply Co.,* 69 Cal.App.2d 729 [160 P.2d 59].)

Defendant argues that the trial court committed prejudicial error in admitting in evidence, over her objections, pleadings in other actions which, it was argued, contained admissions against interest. The objections, while made, were not seriously urged in the trial court as counsel who tried the case for defendant stated several times that he thought the objections went more to the weight of the evidence than to its admissibility.

The first pleading in point of time relied on by plaintiff was filed in an action brought to quiet title by Bank of America National Trust and Savings Association against Mrs. Nettie K. Holcombe Pritchard on April 20, 1932. An answer and cross-complaint were filed by Mrs. Pritchard on February 8, 1933. By the cross-complaint she sought rescission of her executory contract of purchase because of alleged fraud, and also damages because of alleged fraud. In the cross-complaint it was alleged that the State Coast Highway

had been so constructed that it was 14 feet above Mrs. Pritchard's property and "that said property is thereby made inaccessible from said highway."

Plaintiff argues that this allegation is inconsistent with the present claim of a prescriptive legal right to the way across her properties and those of the cross-defendants. We fail to be able to follow this argument. If we understand the evidence correctly the use of the way in question here commenced in 1932 or early in 1933. The use, assuming it was adverse in all particulars, could not ripen into a right for five years, or some time in 1937. As defendant could not have acquired a prescriptive right to the use of the way on February 8, 1933, we see nothing inconsistent in the allegations of the cross-complaint with the present claims of defendant that she had acquired a legal right to the use of the way by prescription.

The other action in which the pleadings were introduced in evidence was filed by W. I. Cain against Carrie Tierney-Sinclair and others on March 12, 1937. It was an action in declaratory relief to settle a controversy between Cain and other parties to the right to use Lot A, already mentioned, as a way from the respective properties of the parties to the State Coast Highway. Defendants' answer was filed on September 10, 1938. In a fourth separate defense she alleged "that unless the deed and the easement and right of way as to said portions of Lot A referred to in Plaintiff's complaint are found to be valid, legal and subsisting, this Defendant will have no means of ingress, egress or regress to and from those portions of Lots 38 and 39 owned by this Defendant."

This allegation is inconsistent with defendant's present claim to a legal right to the use of the way in question here, for, if her use of the way had ripened into a prescriptive right she had means of ingress to and egress from her property to the State Coast Highway.

It is well settled in California that a defendant may plead as many inconsistent defenses in an answer as she may desire and that such defenses may not be considered as admissions against interest in the action in which the answer was filed. (*L. Mini Estate Co.* v. *Walsh*, 4 Cal.2d 249 [48 P.2d 666]; *Burrow* v. *Carley*, 210 Cal. 95 [290 P. 577]; *Edger* v. *Foster*, 48 Cal.App.2d 580 [120 P.2d 134]; *People* v. *Tulare Packing Co.*, 25 Cal.App.2d 717 [78 P.2d 763].)

Counsel admit they have found no case directly deciding the question of the admissibility in evidence of a pleading filed in another case, as an admission against interest in a subsequent case where the admission against interest is contained in an inconsistent defense in the earlier proceeding. Counsel for defendant argue that if such an admission against interest cannot be considered against the pleader in the action in which it was filed, it should not be considered as an admission against interest in another action. He uses the extreme illustration that where several persons are injured in a motor vehicle accident and sue separately to recover damages the defendant could not safely plead contributory negligence in any of the actions because that plea imports the negligence of the pleader which might be considered an admission against interest in one of the other actions.

The illustration does not exactly fit the circumstances presented here for it is the law that implies negligence of the party pleading contributory negligence. If the pleader alleged facts in his verified answer showing that he himself was negligent the situation would be parallel with the one before us.

In this case defendant, in her verified answer, alleged facts indicating that she was not then, on September 10, 1938, claiming a legal prescriptive right to use the way over plaintiff's and cross-defendants' properties. This is certainly an admission against interest for under her present claim she had a legal prescriptive right to use the way in question here at the time that answer was filed.

We have reached the conclusion that where, as here, a defendant alleges facts in detail in an inconsistent defense in one action and those facts are inconsistent with a position taken by the same party in a subsequent action between such defendant and other parties, the first verified pleading may be used as evidence against the pleader in the subsequent action as an admission against interest. We agree with the opinion of the then counsel for defendant when he stated during the trial that the objection went more to the weight than to the admissibility of the evidence. The complaint of the plaintiff and the answer of defendant were before the trier of fact and it was his province and duty to consider all of the denials and allegations of the verified complaint and answer and to determine the weight to be given the admissions against interest contained in the pleading of the defendant.

We do not regard the error in admitting in evidence the pleadings in the case of Bank of America National Trust and Savings Association against defendant's predecessor in interest as important or sufficiently prejudicial to require a reversal of a judgment which is amply supported by other evidence.

The finding that defendant's use of the way was permissive and not adverse is sufficiently supported by the evidence that the signs were posted along the way by the various owners during practically all of the time defendant was using it. The finding that the use of the way was permissive and not adverse is sufficient to support the judgment against defendant.

The judgment is affirmed.

Barnard, P. J., and Griffin, J., concurred.