[No. 2,393.]

## WM. M. LOVELL, ADMINISTRATOR OF THE ESTATE OF HENRY HASLETT, DECEASED, *v.* ELEAZER FROST.

FINDING OF FACTS.—If the Court, in its findings, do not expressly find on an issue made, it will be presumed that the finding on such issue was in favor of the party who prevailed in the action.

STATUTE OF LIMITATIONS.—A party, in order to acquire title to land by the Statute of Limitations, must not only have a possession adverse to the true owner, but also must claim the title as against the owner during the entire statutory period.

IDEM.—If a party in possession of land offers to purchase it from the true owner, and this offer is made, not merely to buy an outstanding or adverse claim in order to quiet his possession or protect himself from litigation, the offer is a recognition of the owner's title, and will stop the running of the statute.

ERRONEOUS FINDING ON IMMATERIAL POINT.—A new trial will not be granted because the Court made an erroneous finding on an immaterial point.

APPEAL from the District Court of the Third Judicial District, Santa Clara County.

Ejectment to recover possession of a tract of one hundred and thirty-four acres of land in Santa Clara County. Henry Haslett, the deceased, settled on it in 1857 or 1858, and inclosed it and built a house on it, and resided on it, and claimed it to be public land, but at the same time determined to buy the title if it should prove to be a part of the pueblo lands of the City of San José, or part of the Santa Teresa Ranch. He died in possession of it, in October, 1868. The land proved to be part of the Santa Teresa Ranch, which had been granted by the Mexican Government to

parties, from whom the defendant deraigned title to an undivided part. The grant was confirmed and located by a final survey, approved August 31st, 1863. In 1865 an action for partition of the rancho was commenced, and final judgment was rendered in 1868, in which the demanded premises were set off to the defendant. After Haslett's death the defendant entered into possession. It was while the action for partition was pending that Haslett asked the defendant if he would not sell or rent him the land if it should be allotted to him in the partition. The Court below rendered judgment for the defendant. The plaintiff appealed.

The other facts are stated in the opinion.

*J. A. Moultrie* and *T. H. Laine,* for Appellant.

There can be no case imagined in which a title by limitation cannot be defeated if a party must always claim that he has a perfect title in order to be protected by the statute. Every one is presumed to know the law, and hence a party in possession of land who has not the true title must know it, and knowing it, it is simply absurd to say that he must, in order to derive any protection from the statute, be constantly affirming what he knows to be false.

Our statute is not founded on such an absurd notion; all that is required by our law to defeat the right of recovery is an adverse holding for a period of five years. So far, however, there is no dispute. The vexed question is, what does it take to constitute an adverse holding? and in this case, what does it take to constitute an adverse holding by a party not having color of title—one claiming land without a paper title of any kind?

The Court and counsel claim that such a holding must be a claim of absolute right in the holder as against all the world; and if the holder ever intimates that his title is not perfect by an offer to buy from any one, or the like, that it is not an adverse holding. We claim that there is no mid-

dle ground—that the party in possession must either hold under and in subordination to the true title, or else his holding is adverse to it; and, further, that our statute lays down the exclusive rule and test of the possession as to its being adverse or not, and that the Courts are bound by the same.

The Act of April 18th, 1863, provided that holders of Spanish titles, whether then finally confirmed or not, must bring suit in five years from that date, or be barred of their remedy. (See Stats. 1863, p. 527, Sec. 6.) Haslett held this land, as we have seen, from 1857 to his death in 1868, and no suit was ever instituted against him. This statute is too plain for argument.

It has been settled by this Court that the Statute of Limitations gives a fee simple title, one entitling the holder to all the remedies that any holder of a fee simple title may have; and that such title can only be extinguished by conveyance or by another adverse holding for five years. (*Arrington* v. *Liscom*, 34 Cal. 365; *Cannon* v. *Stockman*, 36 Cal. 535.)

In the last named case it is further held that a party who claims the benefit of the statute does not lose any right by buying, or offering to buy in an adverse title to the land he claims; hence we submit, even if it has been shown that Haslett expressed a willingness to buy in the Santa Teresa or city title, it will not affect his rights to the land under the statute.

*L. Archer*, for Respondent.

Has appellant shown title in himself under the statute? We think not. Under section nine of the Limitation Act, the presumption is that the person establishing a legal title was possessed of the premises within the time prescribed by law, unless it appears that the premises have been held adversely to such legal title for five years, etc.

Section twelve provides substantially, that to make possession adverse—when the claim is not founded upon a written instrument, judgment, or decree—there must have been an actual continued occupation of the premises under claim of title, exclusive of any other right. Under section thirteen the premises, in such case, must have been protected by a substantial inclosure, or have been usually cultivated or improved.

By the Court, Rhodes, J.:

The only question in this case, is whether the plaintiff's intestate acquired title to the premises by adverse possession, under the operation of the Statute of Limitations. The premises are a part of the Santa Teresa Rancho, and the survey of the rancho having been confirmed, the premises were set off, in an action of partition, to the defendant. The Court did not expressly find whether the plaintiff's intestate did or did not hold the premises adversely during the period of five years, but as the judgment was for the defendant, it will be presumed that the finding was against the plaintiff on that issue. The Court, however, found certain facts, among which is the fact that, " pending the action of partition (which was before the five years had run under the Statute of Limitations of 1863) plaintiff's intestate, in his lifetime, inquired of the defendant whether he would not rent or sell the land to him if it should be allotted to him, the defendant, in the partition of the ranch, and the defendant promised him that he would." There is evidence in the record to sustain this finding, at least all except that the defendant promised that he would sèll or rent the land, but that fact is not material to the question. The offer to purchase or rent the *property*, and not merely to purchase an outstanding or adverse claim or title to quiet his possession or protect himself from litigation, as in *Cannon* v. *Stockman*,

36 Cal. 538, amounted to a clear and unequivocal recognition of the defendant's title. Such recognition proves that the plaintiff's intestate did not, at that time, claim the title as against the defendant, and the recognition having been given before the full period of the statute had run, the plaintiff is precluded from relying on the statute, as vesting in his intestate the title as against the defendant; for in order to secure that position his possession must not only have been adverse to the defendant, but he must also have claimed the title as against the defendant, during the entire statutory period.

Some of the findings are not sustained by the evidence, but they need not be considered, for they are not material, and have no bearing on the issue of adverse possession.

Judgment and order affirmed.

Mr. Chief Justice WALLACE did not express an opinion.