Follett, J.
Was there error in refusing to give the charge requested by Noel? If the agreement between Merritt and Wallace in any way did prevent the running of the statute of limitations in favor of Wallace, there was no error in the court of common pleas, and there was error in the district court. The written agreement is not set out, but the testimony and charge requested, show that Merritt and Wallace agreed in writing that the outlet should not be closed by Wallace, and that the possession of this land should not be interfered with by any suit by Merritt, as long as either or both of the parties should live.
Wallace agreed that the outlet should not be closed up, but might be used by Merritt; and Merritt agreed that the posses *21 sion of the land should not be interfered with by suit by him, during the lifetime of either one of them; and by fixing a limit they provide for suit when the limit shall be passed.
Had Merritt sued Wallace or his successor in possession, for the possession of .the land, Wallace had secured this agreement to set up in bar : and W allace, only by having this agreement, remained in possession of the land until his death, and transmitted such possession until the death of Merritt. After the death of both, this action was commenced.
Adverse possession must be actual, open, continuous, hostile, and exclusive. The very essence of an adverse possession is, that the holder of it claims the right to his possession, not under, but in opposition to the title to which his possession is alleged to be adverse. Nor is possession adverse when it is held by agreement with the true owner. After the agreement the possession by Wallace was peaceable, because of the agreement. Erom that time forth the adverse character of the possession ceased to be hostile and exclusive, and its continuity was broken.
We will not presume that Wallace intended a sly fraud, but that the agreement was between neighbors and honest farmers. Wallace secured an agreement from Merritt that suit for the possession of this land should be suspended during the lifetime of each, and having accomplished this object he could not avail himself of it to the prejudice of Merritt; no more can Noel to the prejudice of Dietrick.
The running of the statute of limitations may be suspended by the mutual agreement of the parties. See Webber v. Williams College, 23 Pick. 302; 15 Abb. Pr. (N. Y.) 377; Holladay v. Little, 2 Munf. (Va.) 316; Ball v. Wyeth, 8 Allen 275.
So an agreement not to plead the statute of limitations is binding: Utica Ins. Co. v. Bloodgood, 4 Wend. 652; Gaylord v. Van Loan, 15 Wend. 310.
The case of Lovell v. Frost, 44 Cal. 471, was where the party in possession inquired of the true owner, “ whether he would not rent or sell the land to him if it should be allotted to him ” — the true owner in a partition suit then pending; *22 and tbe supreme court of California beld that, “ If a party in possession of land offers to purchase it from the true owner, and this offer is made, not merely to buy an outstanding or adverse claim in order to quiet his possession or protect himself from litigation, the offer is a recognition of the owner’s title, and will stop the running of tbe statute.”
That a party by his agreement may be estopped not only from setting up the statute of limitations, but from claiming his possession to be adverse, was shown by this court in Lessee of Hunt v. Guilford, 4 Ohio, 317. In that case this court said, “ An agreement to submit a question of boundary to arbitration defeats the operation of the statute of limitations ;” and also, that on the trial of the case such an agreement may be evidence “ proper to show the character and nature of plaintiff’s possession, whether adverse or not.”
In that ease the agreement recognized a claim in dispute, and that the same could be settled by arbitration ; in this case the agreement recognized not only a claim in dispute and that the same could be settled by suit, but agreed that such suit.should be postponed during their lives.
By this agreement Wallace obtained peace and retained the peaceable possession of the land in dispute ; and the hostile and exclusive character of his adverse possession was gone. This agreement changed the adverse character of the possession of Wallace, and stopped the running in his favor of the statute of limitations. t
As this question determines the result of this case, we do not comment on any other.
There was no error in refusing to give to the jury the charge requested, and the distinct court erred in reversing the judgment.
Judgment of the district court reversed, and that of the common fleas affirmed. .