[Civ., No. 1776.  Third Appellate District.—February 12, 1918.]

M. C. BEEM et al., as Trustees, etc., Respondents, v. G. A. REICHMAN et al., Appellants.

EASEMENT—WAY OF NECESSITY.—A way of necessity is derived from the law and depends solely on the situation and boundaries of the land to which it is claimed to be appurtenant as they existed at the time of the conveyance, resting in necessity and not in convenience.

ID.—ACTION TO ESTABLISH WAY OF NECESSITY—PLEADING AND EVIDENCE.—In an action for a right of way as an easement arising impliedly out of a grant of land because of a necessity, which necessity arises from the fact that the grantees have no other way to and from the land than that referred to in the amended complaint, without trespassing upon lands of strangers, it must be alleged and proved that the road claimed to be appurtenant to the land was in use as such by defendant when he conveyed the same to plaintiffs, and was and is the only means by which plaintiffs can pass to and from the granted land, and is necessary to the beneficial use thereof.

APPEAL from a judgment of the Superior Court of Siskiyou County, and from an order denying a new trial. James F. Lodge, Judge.

The facts are stated in the opinion of the court.

Taylor & Tebbe, for Appellants.

H. V. Ley, and Wm. V. Cowan, for Respondents.

CHIPMAN, P. J.—This is an action to have a right of way declared from plaintiffs' land over defendant Reichman's land to a highway.

It is alleged in plaintiffs' verified amended complaint that on June 16, 1909, defendant Reichman was the owner of a certain tract of land described as follows: "Commencing at the northwest corner of said SW¼ of SE¼ of Section 35, in Township 44 North, of Range 9 West, M. D. M., and running thence south for the distance of 600 feet to a rock set in earth; thence running east for the distance of 100 feet to a rock set in earth; thence running a little east of north for the distance of 600 feet more or less, to the north boundary line of said forty acres; and thence west along said line for the distance of 250 feet to the place of beginning," together with the tenements, appurtenances, etc.; that on the sixteenth day of June, 1909, defendant Reichman conveyed said tract of land to plaintiffs by the above description, and that plaintiffs are now and for a long time have been in possession thereof; that defendant Reichman was on said day "also owner of the land lying on the east and south sides of said tract and between said tract and the county road leading from Fort Jones to Yreka; that said tract is bounded on the north and west sides by lands of the Southern Pacific Company" (amended to read Central Pacific Railroad Company). It is then alleged in paragraph 6 as follows: "That the sole and only way from said tract to a public highway is over and across the land of said defendant G. A. Reichman from the east boundary of said tract in a southeasterly direction to the division fence between the land of said defendant G. A. Reichman and land owned by James A. Davidson and others, thence in an easterly direction and parallel with said division fence to the aforementioned county road; that said

described way is the most reasonable and practical route that can be selected over and across the lands of said defendant; that there is, and for a long time has been, a road used by said defendant along the line of said route; that plaintiffs are the owners of and entitled to said right of way over the land of said defendant Reichman to the county road aforesaid, to pass and repass on foot and with teams and that said easement is appurtenant to the land heretofore described as having been conveyed to plaintiffs.''

It is alleged that plaintiffs have requested defendants to ''acquiesce in the definite locating of a right of way between said tract and the aforesaid county road, across the land of said defendant G. A. Reichman . . . but the defendants refuse and neglect to do so''; that defendant Reichman ''is still the owner of the land lying between said tract and said county road and that said county road is the only public highway adjacent to said tract or to the lands of said defendant, Reichman; that the defendant Fort Jones Creamery & Packing Company claims some interest therein by virtue of an option but'' said right is subject to the right of plaintiffs herein.

Defendants interposed a demurrer to the complaint for insufficiency of facts and also on the ground of uncertainty in that ''it cannot be told whether plaintiff intends to allege, that at the time when it is claimed that defendant G. A. Reichman conveyed said property to plaintiff, that said property was bounded as described in said complaint. Neither can it be told whether or not at the time of said conveyance there was a public highway running past the said land.'' For like reason the complaint is alleged to be ambiguous and unintelligible. The demurrer was overruled and defendants answered; admitted that defendant Reichman was, on June 16, 1909, the owner of the tract conveyed to plaintiff ''and was also owner of the land lying on the east and south sides of said tract and between said tract and the county road leading from Fort Jones to Yreka,'' but for lack of knowledge and on information and belief denied that the Central Pacific Company was owner of the land on the north and west sides of said land; alleged that the said tract of land was conveyed to plaintiffs upon certain described conditions, but as there was no evidence touching this matter, they need not be further noticed; so, also, no evidence was offered as to certain

averments of the answer concerning a road now existing from Fort Jones to the west side of the tract in question. Defendants made certain denials of the averments in said paragraph 6 of the complaint which will be hereinafter noted.

The cause was tried by the court, without a jury. The court made the following finding of fact: "That all the allegations of the amended complaint on file herein are true"; and, as conclusion of law, the court found: "That plaintiffs are entitled to a decree of this court determining and adjudging that plaintiffs are the owners of, and entitled to, the right of way described in the complaint on file herein, said right of way of the minimum statutory width of twenty feet." The decree adjudged plaintiffs "entitled to an easement for right of way over and across the lands of defendant G. A. Reichman, to pass and repass on foot and with teams (said easement not to exceed the minimum statutory width of twenty feet), extending from the (respondents say in their brief the word 'east' should be here inserted) boundary of their parcel of land, described in the amended complaint herein, in a southeasterly direction to the division fence between the land of defendant G. A. Reichman and lands owned by James A. Davidson and others, thence in an easterly direction and parallel with said division fence to the county road leading from Fort Jones to Yreka and following throughout its length the road mentioned in said amended complaint and therein alleged to exist across the land of said defendant G. A. Reichman." Defendants appeal from the judgment and from the order denying their motion for a new trial.

In their specifications of error, defendants challenge the sufficiency of the evidence to support the findings that the facts set forth in paragraph 6 of the amended complaint are true. They challenge the sufficiency of the evidence to support the finding that plaintiffs have requested defendants to acquiesce in definitely locating a right of way across defendant Reichman's land from said tract to the public highway; also that said defendant Reichman is still the owner of the land lying between said tract and said county road, and that said county road is the only public highway adjacent to said tract or to the lands of said defendant Reichman. That the judgment is contrary to law in that there are no findings of

fact to support it; that it is not definite or certain as to the location of the land claimed as a right of way, and is uncertain as to the servitude to be imposed upon the lands of defendant Reichman, and the location of the easement cannot be determined from the judgment.

Plaintiffs introduced no witnesses—the evidence in support of the findings and judgment being entirely documentary except as further supplied by the admissions of defendants in their answer.

Plaintiffs introduced a United States patent to the Central Pacific Railroad Company to the NW.¼, of the SE.¼, the SW.¼ and the N.½ of section 35, T. 44 N., R. 9 W., M. D. M., which includes the tract conveyed to plaintiffs by the defendant Reichman. Plaintiffs here rested, as also did defendants. There was no evidence offered to show that any portion of this patented land was conveyed to Reichman, but it was alleged and was admitted that Reichman was the owner of the tract conveyed to plaintiffs, and was the "owner of the land lying on the east and south sides of said tract (the tract conveyed to plaintiffs) and between said tract and the county road leading from Fort Jones to Yreka."

Plaintiffs introduced no evidence to show that the road referred to in paragraph 6 of the amended complaint in fact existed, or that "there is or for a long time has been a road used by said defendant along the line of said route," but as the averment was not denied, it may be taken as true. There was no evidence offered to show, as alleged, that this road "is the sole and only way from said tract to a public highway," or that "it is the most reasonable and practicable route that can be selected over and across the land of said defendant," or in support of the averment that the said road "is appurtenant to the land hereinbefore described as having been conveyed to plaintiffs." These averments were specifically denied. Respondents state in their brief that the theory upon which the action was brought is "that where one grants land surrounded by his own lands or partly by his lands and by the lands of strangers, such grantor impliedly grants a right of way to a public highway over and across his remaining lands." (Citing *Taylor* v. *Warnaky,* 55 Cal. 350.) It was held in that case that a "way of necessity" arises in favor of a parcel of land "where the same is wholly surrounded by the grantor's other land, or partly by this and partly by land

of a stranger. This arises from the effect of the grant or reservation of the land itself, and is so far appurtenant to it as to pass with the land to another, provided he have no other way of access to the same. (Washburn's Easements & Servitudes, side p. 163, and cases there cited.)'' Cited approvingly in *Barnard* v. *Lloyd,* 85 Cal. 131, 133, [24 Pac. 658]; *Blum* v. *Weston,* 102 Cal. 362, 367, [41 Am. St. Rep. 188, 36 Pac. 778]. Section 1104 of the Civil Code provides as follows: ''A transfer of real property passes all easements attached thereto, and creates in favor thereof an easement to use other real property of the person whose estate is transferred in the same manner and to the same extent as such property was obviously and permanently used by the person whose estate is transferred, for the benefit thereof, at the time when the transfer was agreed upon or completed.'' Section 801 of the same code declares what may be attached as servitude to other land ''as incidents or appurtenances,'' and among these is ''the right of way.'' Unless expressly excepted ''the transfer of a thing transfers also all its incidents.'' (Id., sec. 1084.) The action is clearly for a right of way as an easement arising impliedly out of a grant of land because of a necessity; and that necessity arises in the present case from the fact alleged that the grantee has no other way to and from the land than that referred to in the amended complaint, without trespassing upon land of strangers. (Goddard's Law of Easements (Bennett's ed.), p. 267.)

In order that an easement may pass by implication it must be annexed to the estate granted, must be reasonably necessary for the beneficial enjoyment of the same, and must be in open, apparent, and continuous use at the time of the grant. (14 Cyc. 1168.) ''When the owner of land divides his property into two parts, granting away one of them, he is taken by implication to include in his grant all such easements in the remaining part as are necessary for the reasonable enjoyment of the part which he grants, in the form which it assumes at the time he transfers it'': *Cave* v. *Crafts,* 53 Cal. 135, 140; not that it shall be absolutely necessary for the enjoyment of the estate granted. (14 Cyc. 1171.) Three things are necessary to create an easement by implied grant: (1) A separation of the title; (2) that before the separation takes place the use which gives rise to the easement shall have been so long continued and so obvious as to show that it was

intended to be permanent; and (3) that the easement shall be necessary to the beneficial enjoyment of the land granted. (14 Cyc. 1168.)

A way of necessity is derived from the law and depends solely on the situation and boundaries of the land to which it is claimed to be appurtenant as they existed at the time of the conveyance. (14 Cyc. 1174.) The right of way rests in necessity and not in convenience. (Id., 1173.)

The road alleged to have been used by defendant Reichman is not alleged or shown to have been openly used by him at the time he conveyed said tract to plaintiffs, nor is its initial point on the boundary of said tract definitely stated in the complaint or in the judgment. It is stated in the judgment that the right of way decreed "is not to exceed the minimum statutory width of twenty feet." It is not shown that the road referred to in the complaint or in the judgment is "the sole and only way from said tract to a public highway," nor is it shown, as alleged, that it is a "reasonable and practicable route." The point at the center of the road on the east boundary of said tract can readily be fixed and described with reference to a corner of the tract, and the course of the road throughout its entire length should be stated to be coincident with the road as used by defendant Reichman, and its width as determined should be definitely stated. It should be alleged and proved that this road, claimed to be appurtenant to the land, was in use as such by defendant Reichman when he conveyed the land to plaintiffs, and was and is the only means by which plaintiffs can pass to and from said tract and that it it necessary to the beneficial use of said tract by plaintiffs. These are but just requirements on plaintiffs' part before the servient tenement should be burdened with the easement. (Civ. Code, sec. 1104.)

The judgment and the order are reversed with direction to the trial court to grant plaintiffs leave to amend their complaint if so advised.

Burnett, J., and Hart, J., concurred.