[Civ. No. 6282.   First Appellate District, Division Two.—August 27, 1928.]

AGNES R. GRIMMESEY et al., Appellants, v. EDWARD ELMORE KIRTLAN et al., Respondents.

Hardy, Elliott & Aberle and H. W. Elliott for Appellants.

Bordwell, Mathews & Wadsworth and Ray W. Bruce for Respondents.

CAMPBELL, J., *pro tem.*—This is an action to establish a right of way over certain property described in the complaint belonging to defendants. The cause is pleaded in three counts. The first sets up a right of way acquired by grant, pursuant to section 1104 of the Civil Code; the second, a right of way by prescription arising from adverse use for more than five years, and the third is a quiet title count to the easement claimed.

The complaint alleges that the defendants owned a parcel of land comprising approximately 41 acres situated in the northwest corner of the intersection of Ruddock Avenue, running east and west, and Glendora Avenue, running north and south, in the eastern part of Los Angeles County, and that defendants on April 10, 1918, sold and conveyed to plaintiffs' decedent the westerly portion of the land, comprising approximately 15 acres, and retained the easterly portion, containing 26 acres. The portion conveyed to plaintiffs' decedent is for brevity referred to in the record as parcel No. 1, and the portion retained by defendants is designated as parcel No. 2. Parcel No. 1 is in form a parallelogram, running north and south, having a frontage on the south on Ruddock Avenue of 558.05 feet. Parcel No. 2 likewise runs north and south, and has a frontage of 728.23 feet on Ruddock Avenue, and is bounded on its entire length on the east by Glendora Avenue. Plaintiffs claim that at the time their decedent purchased parcel No. 1 there was created in favor of the decedent an easement or right of way approximately 12 feet in width, commencing at a point on the westerly side of Glendora Avenue about 650 feet north of the intersection of Glendora Avenue and Ruddock Avenue, running thence in a westerly direction from Glendora Avenue across parcel No. 2 to the easterly boundary of parcel No. 1; and that the right of way was in use as a roadway and means of access from Glendora Avenue over parcel No. 2 to parcel No. 1 for vehicles, tractors, wagons, farm implements, automobiles, and other modes of travel, and had for a long time prior to April 10, 1918, been so used. Plaintiffs further allege that since April 10, 1918, the decedent, his family, agents, and employees used the right of way with horses, wagons, tractors, automobiles, and other vehicles, and have enjoyed such private right of way as an easement appurtenant to plaintiffs' decedent's land. Plaintiffs further assert that shortly prior to the commencement of this action (August 21, 1924) the defendants plowed up, obstructed and rendered the roadway impassable, and denied decedent's right to use the roadway or to enjoy the use of the easement.

It is the claim of plaintiffs that at the time decedent acquired parcel No. 1 from defendants there existed, and for

a long time prior thereto had existed, a well-defined roadway which had been used as a means of ingress and egress to and from parcel No. 1, and was thereafter so used by plaintiffs' decedent for more than five years prior to the commencement of the action, and that by reason thereof an easement over parcel No. 2 has been acquired by prescription. There is no claim made to a right of way arising by deed or instrument purporting to convey a right of way separately, nor is there any claim to a right of way by necessity, plaintiffs' claim being that the easement was attached to parcel No. 1 when purchased from defendants, and also that such right of way has been acquired by prescription.

Since the commencement of the action, and prior to the trial thereof, L. J. Grimmesey, the original plaintiff, died, and by appropriate amendment Agnes R. Grimmesey and A. L. Bagnall, the duly appointed, qualified, and acting executors of the estate of L. J. Grimmesey, deceased, were substituted as plaintiffs in place of L. J. Grimmesey, deceased.

The errors urged by appellants have to do with certain findings of fact and conclusions of law and the judgment entered thereon as follows: (1) That said findings of fact and conclusions of law, and the judgment thereon, are not supported by the evidence, but are contrary to the evidence, (2) that said judgment is contrary to law; (3) that the court erred in the admission of certain evidence.

The findings which appellants urge as not being supported by the evidence may be summarized as follows: That it is not true that at the time plaintiff purchased parcel No. 1, nor at any other time, the plaintiff purchased of defendants, or either of them, a private right of way or easement along or over a roadway approximately twelve feet in width then or at any other time in use over parcel No. 2. That a gravel roadway for ingress and egress to and from the defendants' residence from Glendora Avenue westerly along the southerly side of defendants' residence extends westerly from said residence a distance of 150 feet; thence westerly there is a pathway extending westerly to the westerly line of the defendants' property, and thence westerly to a tenement house located near the westerly side of plaintiff's property, parcel No. 1; that said pathway has heretofore at times

when defendants were the owners of all of said property and at times after they sold said parcel No. 1 to plaintiff, and while defendants were in charge of the cultivation, irrigation, and otherwise caring for plaintiff's property, was used by employees of defendants as a passageway from defendant's property to and from said tenement house; that such use by plaintiff and his employees was permissive by the defendants to plaintiff and his employees for a period of two years or less after plaintiff assumed the care of plaintiff's property. That said road was occasionally used as a means of ingress and egress to and from the public highway of Glendora Avenue to the house and barns situate upon parcel No. 1. That said roadway over parcel No. 2 is not the only means of access from Glendora Avenue. That it is not true that ever since April 10, 1918, the plaintiff and his family, agents, and employees have used said alleged right of way from Glendora Avenue as an easement appurtenant to plaintiff's land. That no right of way for plaintiff or any other person exists or ever did exist over said parcel No. 2 as a means of ingress or egress to or from Glendora Avenue or otherwise to said parcel No. 1. That plaintiff for five years last past prior to the commencement of this action has not continuously, openly, notoriously, and adversely to any claim of right of defendants or under claim of right in plaintiff used, occupied, and enjoyed a private right of way of approximately 12 feet in width or any width over, upon or through the land of defendants, but that at all times after defendants ceased to cultivate, irrigate, and care for plaintiff's property about May 1, 1922, and up to a few months prior to the commencement of this action, defendants permitted plaintiff, his family, servants, and employees to occasionally pass over said parcel No. 2 to said parcel No. 1 as a mere accommodation.

Appellants concede that if there is any substantial conflict in the evidence the findings of the trial court will not be disturbed on appeal, but maintain that there is no substantial evidence upon which the findings and judgment can be supported.

Appellants have cited a number of authorities holding that a transfer of property passes all easements attached thereto at the time of the transfer; that where the owner of

two tenements sells one of them, or the owner of an entire estate sells a portion of it, the purchaser takes the tenement or portion sold with all the benefits and burdens that appear at the time of sale to belong to it; that when the owner of lands divides his property into two parts, granting one of them, he is taken by implication to include all easements in the remaining part as are necessary for the reasonable enjoyment of the part which he grants, in the form which it assumes at the time he transfers it. The authorities supporting this contention are numerous and uniform. In the present case, however, the interpretation of a legal principle is not so much involved as is the determination of a question of fact, that is, whether the evidence supports the findings that no roadway existed over parcel No. 2 as a means of ingress or egress to or from parcel No. 1 at the time of the sale by defendants to plaintiffs' decedent, and that plaintiffs' decedent has not openly, notoriously, and adversely, and adverse to any claim of right of defendants, occupied, used, and enjoyed a private right of way over the land of defendants for five years prior to the commencement of the action, it being conceded that the roadway in dispute is not the only means of access to parcel No. 1.

The facts disclosed by the record are that the entire tract of land was originally owned by respondents. On April 10, 1918, respondent deeded the western fifteen acres to L. J. Grimmesey, now deceased, who was an uncle of respondent Edward Elmore Kirtlan; that before the transfer respondent Kirtlan cultivated, irrigated, and cared for the entire tract; that after the sale he continued to cultivate, irrigate, and care for the fifteen acres deeded to plaintiffs' decedent until May, 1922, when Mr. Campbell, the husband of respondent Kirtlan's sister, assumed charge for plaintiffs' decedent. According to the testimony of respondent, Edward Elmore Kirtlan, at the time of the sale of parcel No. 1 there was a road from Glendora Avenue to his barn on parcel No. 2, and from the end of the roadway at his barn there was only a path leading to parcel No. 1. Some of the people who lived in the house on parcel No. 1 had automobiles, but "they didn't get in with their automobiles. They left their automobiles as a rule in the barn. Once in a while they might take them down there, drive

out—no way to turn down there—drive right through the field. I objected to it, of course. A great many people went down there not knowing there was no road there.''

It is apparent that none of the witnesses produced by appellants, ten in number, excepting Agnes R. Grimmesey, had any knowledge of the condition of the road, or whether the road was in existence at the time of the sale of the property. None of the witnesses, Fisher, Hepner, Ames, Welch, Doughty, Bull, or Webb, had seen the property until long after the transfer to appellants' decedent. One of the remaining three, Kellenberger, was on the property from October, 1915, to July, 1916, only, and therefore his testimony does not throw any light on the conditions existing on April 10, 1918, nearly two years later. Berman, one of the two remaining witnesses for appellants, testified that he resided on the ranch adjoining the 41-acre tract from 1915 to 1925, and that when he first came there was a road clear to the boundary line. Agnes R. Grimmesey, the widow of L. J. Grimmesey, deceased, testified that when she first saw the property early in 1918, about the time they were considering buying it, she walked over the road with Mrs. Kirtlan and Mrs. Grimmesey' from the Kirtlan residence on parcel No. 2 as far westerly as the little house on the western edge of parcel No. 1, and that there was a well-defined road across parcel No. 1. This testimony on the question whether or not there was a roadway leading from parcel No. 1 across parcel No. 2 to Glendora Avenue at the time of the sale presents a conflict, the determination of which was for the trial court, and its finding thereon will not be disturbed. ▮ In order to bring the easement claimed within the provisions of section 1104 of the Civil Code it must be shown that a roadway was in existence and use for the benefit of the parcel of land sold, and that the easement in the remaining parcel is necessary for the reasonable enjoyment of the part sold in the form which it assumed at the time of the transfer (*Cave* v. *Crafts*, 53 Cal. 135; *Beem* v. *Reichman*, 36 Cal. App. 258 [171 Pac. 972]). The intention, in view of all of the circumstances, is the cardinal subject for inquiry (*Cheda* v. *Bodkin*, 173 Cal. 7, 16 [158 Pac. 1025]). ▮ Where there is a better and more convenient means of ingress and egress to and from the land conveyed, and the easement is not

necessary to the reasonable enjoyment of the part granted, no grant by implication arises.

As to the claim that a right of way was acquired by prescription—that the roadway was used openly, notoriously and adversely for more than five years prior to the commencement of the action on August 21, 1924— it may be said that the testimony of respondent Edward Elmore Kirtlan is that whatever use had been made of his land had been by permission up to within three or four months of the commencement of the action. Prior to that time plaintiff's decedent had not claimed any right to cross respondents' land as a matter of right. The decedent, L. J. Grimmesey, was the uncle of respondent Edward Elmore Kirtlan, and Mr. Campbell who was in charge of the property for the deceased following respondent Kirtlan, when the latter ceased to manage and care for it in May, 1922, was the husband of respondent Kirtlan's sister. The use of the private roadway into the yard and around respondent's house was permitted because the parties were so related. Respondent Kirtlan testified: "Mr. Grimmesey was my uncle, and I was very fond of him, as much so as I was of my father. There was no reason why he shouldn't come out on my place at any time."

In order to make the use adverse under the circumstances there must have been a communicated claim of right to the easement. "User alone is not sufficient to establish a prescriptive right of way over the lands of another. Such user must be accompanied by a claim of right communicated to the owner of the land; or it must be shown that the user was so continuous and so openly and notoriously adverse to the owner as to create a presumptive knowledge in the owner that the person using the land was so doing under a claim of right." (*Tarpey* v. *Veith*, 22 Cal. App. 289, 292 [134 Pac. 367, 369].) The following language used by the court in *Clarke* v. *Clarke*, 133 Cal. 667, 670 [66 Pac. 10], is apropos here: "The question as to whether or not the use was under a claim of right, or a mere matter of neighborly accommodation, was a question of fact to be determined by the court in the light of the relations of the parties, their conduct, the situation of the property and all the surrounding circumstances. The court below saw

the witnesses, heard them testify and found the facts against defendant. . . . It is not sufficient that the claim of right exist only in the mind of the person claiming it. It must in some way be asserted in such manner that the owner may know of the claim. The fact that the owner knew of the travel and occasional use of the property does not even raise a presumption that such use was hostile or under claim of right. If any party who is allowed by silent permission to pass over the lands of another, nothing being said as to any right being claimed, after five years, without showing that he ever communicated such claim in any manner to the owner, can thus gain title by prescription, it would be a blot upon the law.''

Appellants have not directed our attention to any ruling of the court, under their third assignment that the court erred in certain particulars in the admission of evidence, and we therefore assume that they have abandoned this objection.

The judgment is affirmed.

Tyler, P. J., and Knight, J., concurred.