[Sac. No. 4743. In Bank.—August 22, 1933.]

ANNIE JEFFERY, Respondent, v. WARREN STEVENS et al., Appellants.

Jerome D. Peters and Herbert W. Whitten for Appellants.

Bond & Deirup for Respondent.

THE COURT.—This action was brought to enjoin defendants from permitting waste water from their lands to flow across the land of plaintiff. The essential facts are few. The Crouch ranch lies several miles northeasterly from the plaintiff's property. De Bock slough extends southwesterly through the Crouch property, then through several other lands until it reaches and goes through that of plaintiff. In 1926, defendant Stevens purchased a portion of the Crouch ranch, and defendants Estes and California Lands, Inc., each purchased portions constituting the remainder. The court found that water used by defendants for watering stock was allowed by them to flow into De Bock slough, and thence across plaintiff's land, to her damage. Judgment was given as prayed, enjoining defendants from permitting any water to run over the lands of plaintiff. Defendants appeal.

The position of defendants, taken by them in their answer and cross-complaint, is that the unauthorized drawing of waters complained of has continued openly and under claim of right for over five years, and that consequently defendants have acquired a prescriptive right or easement to have the waters flow in this manner.

Only a brief discussion is necessary, for there is substantial conflict in the relevant testimony on this issue. Defendants produced a number of witnesses who testified that quantities

of water habitually flowed from the Crouch ranch through De Bock slough, for many years prior to the action. On the other hand, plaintiff's witness Murphy testified that De Bock slough was not a genuine watercourse, or even a well-defined slough, but was a system of little lakes and depressions. Nor does the evidence satisfactorily establish that the flow of water during this period continuously reached the land of plaintiff, several miles distant from the Crouch property.

The case of defendants is further weakened by the uncertainty surrounding the essential element of claim of right for the prescriptive period. Plaintiff testified that she herself had no knowledge of any such claim nor any knowledge of the fact that the water was being drained onto her lands. There is no contradiction of her testimony. Defendants assert that she should have known of such claim, but this suggestion is not convincing in view of the uncertainty as to the source of the water—which might have come not only from the Crouch ranch, but from other lands lying between it and plaintiff's property. Defendants also rely upon the purported knowledge obtained by plaintiff's son, C. L. Schwein, who managed the farm for her. This knowledge is said to be indicated in a conversation had by Schwein with one Cartwright, who told him that he had gotten stuck with his truck in the slough. Assuming that the knowledge of her said agent should be imputed to plaintiff, the difficulty with the testimony is that it does not clearly appear that the water, if any, came from defendants' lands, and not from others which drained into the slough.

Finally, the evidence shows that in 1926, and again in 1931, just prior to this action, defendant Stevens approached the plaintiff and sought to purchase the drainage right from her. Such action, taken prior to the running of the statute of limitations, offers a strong indication that the use was not adverse to the owner. (See *Lovell* v. *Frost,* 44 Cal. 471; *Clarke* v. *Clarke,* 133 Cal. 667 [66 Pac. 10]; 19 C. J. 884, sec. 43.)

In short, the evidence introduced by defendants to establish the elements of adverse user was not sufficient to meet the burden which the law imposes upon an adverse claimant. (See *Grimmesey* v. *Kirtlan,* 93 Cal. App. 658 [270 Pac. 243].)

Defendants suggest also that plaintiff has failed to show damage as a result of the drainage. The injunction, however, is proper to prevent the gaining of a prescriptive right or easement which in the future might hamper the use of or lessen the value of the land.

In the state of the record described above, we can see no reason for disturbing the conclusion reached by the trial court.

The judgment is affirmed.