[Civ. No. 12000.   First Dist., Div. Two.   Jan. 27, 1942.]

SAMUEL FISCHER et al., Respondents, v. VICTORIA HENDLER, Appellant.

Sidney Sampson and Sidney J. Unickel for Appellant.

Cecil Vinnicof for Respondents.

NOURSE, P. J.—Defendant appeals from a judgment declaring plaintiffs to be the owners of an easement created by implied grant, enjoining her from interfering with the use of the easement and awarding damages in favor of plaintiffs in the sum of $165 plus costs.

The facts of the case are undisputed and appear from the stipulation to be as follows: In July, 1932, defendant owned two adjoining parcels of real property situated in the city of Los Angeles and designated as lots 18 and 19 of block "K" of the Forest Heights Tract. She constructed a four-unit dwelling on lot 18 and a four car garage at the rear of the same lot. The remainder of the backyard was graded and cemented in such a way that it sloped down toward a small opening in a cement curb and wooden fence which had been erected on the boundary line between the two pieces of property; the yard was constructed by defendant in this manner so that rain and excess surface waters would flow from lot 18 onto lot 19. In March, 1937, defendant sold lot 18, together

with the improvements thereon, to a purchaser who immediately transferred the property to plaintiffs. At all times during the aforementioned conveyances the cement surface of the backyard of lot 18 and the hole in the curb remained open and visible. For the succeeding two and one-half years defendant allowed the surface waters from lot 18 to drain through the opening onto lot 19 which she had retained, but in September, 1939, defendant closed the opening in the curb thus preventing the passage of water from plaintiffs' property onto her lot. This action caused the surface waters to flood the four car garage and fence on lot 18. Plaintiffs thereafter opened the hole in the cement curb, and at various intervals between September, 1939, and February, 1941, the parties were engaged in reclosing and reopening the hole. Finally in the latter month plaintiffs instituted the present action for an injunction and for damages in the sum of $300. The court decreed that plaintiffs were the owners of an easement created by implied grant for the passage of all surface waters through the opening. The judgment entered in favor of plaintiffs restrained defendant from obstructing or closing the opening in the curb, ordered her to open the passageway and to permit the passage of surface waters from lot 18 onto lot 19 and awarded plaintiffs damages in the sum of $165 plus costs. Defendant appeals from the judgment.

The basis for the judgment entered by the trial court was its conclusion that respondents were the ''owners of an easement created by implied grant for the passage of all surface waters through an opening approximately eight inches wide and six inches high in a cement curb and wooden fence erected on the border of Lot 18. . . .'' Appellant argues that no easement was created by implied grant because it was not necessary to the reasonable enjoyment of the property, and therefore the conclusion of the lower court was erroneous.

Subsequent to 1932 when appellant owned both parcels of property she allowed the surface and rain waters to drain from lot 18, the dominant estate, to lot 19, the servient estate, through the opening in the curb which she had constructed. In 1937, she sold the dominant estate and retained the servient estate. The common-law rule was to the effect that where the owner of two tenements sells one of them the purchaser takes the tenement with all of the benefits that appear at the time of the sale to belong to it as between it and

the property which the vendor retains. 9 Cal. Jur. 957, and cases cited therein. This rule is embodied in section 1104 of the Civil Code which provides:

"A transfer of real property passes all easements attached thereto, and creates in favor thereof an easement to use other real property of the person whose estate is transferred in the same manner and to the same extent as such property was obviously and permanently used by the person whose estate is transferred, for the benefit thereof, at the time when the transfer was agreed upon or completed."

Under the code section the courts of this state have set forth certain elements necessary to create an easement by implied grant. The following things are required: (1) A separation of the title; (2) before the separation takes place the use which gives rise to the easement shall have been so long continued and so obvious as to show that it was intended to be permanent; and (3) the easement shall be reasonably necessary to the beneficial enjoyment of the land granted. (*Beem* v. *Reichman,* 36 Cal. App. 258, 263 and 264 [171 Pac. 972]; *Grimmesey* v. *Kirtlan,* 93 Cal. App. 658, 664 [270 Pac. 243]; 9 Cal. Jur. 958.) We are referring here to an easement implied in the grant of severance of the dominant and servient estates as outlined in section 1104 of the Civil Code, as distinguished from a necessary easement, or "way of necessity." As to the former the authorities uniformly hold to the three essentials above noted when that question has been directly presented. There is little, if any, difference between the expression "reasonably necessary to the beneficial enjoyment of the land granted" and the expression found in the code section "for the benefit thereof." ▆ In the case here the respondents successfully proved that the easement claimed was "reasonably necessary to the beneficial enjoyment of the land granted" and thus met the code requirement that it was "for the benefit thereof." They were not required to show that the drain was the only method possible to carry excess water from their land, or that, because of such absolute necessity, the grantor must have been deemed to have intended to include the right of way in the grant. Relying upon the showing of the apparent and obvious use of the drain for a long period of time preceding the severance, they met the terms of the statute by the proof that it was "reasonably" necessary (not absolutely necessary, nor merely convenient) for the beneficial use of the land granted. The

distinction between an easement by implication arising out of apparent and continued use, and an easement by necessity is clearly shown in 17 Am. Jur. 948, 959; 28 C. J. S. 691, 695; 9 Cal. Jur. 957, 967-969.

The undisputed facts of the instant case show that all of these required elements are present. (1) Appellant owned both lots until 1937 when she separated title by transferring lot 18 to respondents' predecessor in interest. (2) In 1932 appellant graded and cemented the backyard of lot 18 so that the surface and rain water would flow through the opening in the curbing onto lot 19. This construction was of a permanent character and the drainage system was used continuously by appellant for five years prior to the separation of title. Such long continued use plus the fact that the grading and the opening in the curb were obvious and visible at all times indicates unquestionably appellant's intention that it should be permanent. (3) The drainage system involved had been used for a period of seven and one-half years, and the evidence shows that when appellant closed the opening in the curb the water accumulated in the backyard of lot 18 thereby causing the yard and its facilities to become less accessible to ordinary use. We must conclude, therefore, that the easement was necessary for the reasonable enjoyment of the parcel sold in the form which it assumed at the time of the transfer. (*Grimmesey* v. *Kirtlan, supra.*)

Appellant's argument that the owner of a city lot is not required to accept surface or waste waters from the adjoining property is not applicable. The rule of easements created by implied grant applies to city lots as well as to rural property. (*A. Hamburger & Sons, Inc.* v. *Lemboeck,* 20 Cal. App. (2d) 565 [67 Pac. (2d) 380].) In view of the evidence discussed above it is clear that the purchaser took the property with the benefits that appeared at the time of the sale to belong to it as between it and the lot which the vendor retained (*Jersey Farm Company* v. *Atlanta Realty Company,* 164 Cal. 412), and that the trial court did not err in concluding that respondents were the owners of an easement created by implied grant.

Appellant also argues that the trial court erred in allowing respondents damages in view of the fact that they neglected to fulfill their duty to minimize the damage by removing the standing water. We cannot agree with this contention. One who suffers injury by the carelessness of another

must go to some trouble to avoid or lessen the damage if a temporary expedient or slight expense will do so, but a person who is suffering from a continuous nuisance is not compelled to take active measures involving considerable expense which may or may not be practical as a means of minimizing the damage. (*Joerger* v. *Pacific Gas & Electric Co.*, 207 Cal. 8, 28 [276 Pac. 1017].) In view of this rule respondents fulfilled their duty when they reopened the hole in the curb at various times in an attempt to avoid the damage done by the standing water. They could not be expected to incur the considerable expense of removing the cement and changing the grade of the yard so that the excess water would drain off onto the street. The trial court did not commit error, therefore, in awarding respondents a reasonable amount of compensation for the damages which they suffered as a result of the actions of appellant.

The judgment is affirmed.

Sturtevant, J., and Spence, J., concurred.