[L. A. No. 20657. In Bank. Mar. 17, 1950.]

MARGARETTA B. FRISTOE, Respondent, v. JACK DRAPEAU et al., Appellants.

Charles F. Gerard and Edward Henderson for Appellants.

Sprague & Sparks for Respondent.

GIBSON, C. J.—This action was brought to enjoin interference with the use of a roadway constructed by the common grantor of the parties. Defendants have appealed from a judgment which decrees that the parties have an equal right to use the roadway as a means of ingress and egress to and from their respective parcels. Defendants also noticed an appeal from an order denying their motion for a new trial. The order is nonappealable, and the attempted appeal therefrom is dismissed. (See *Casner* v. *Daily News Co., Ltd.,* 16 Cal.2d 410, 415 [106 P.2d 201]; *cf., Fickett* v. *Rauch,* 31 Cal.2d 110, 111 [187 P.2d 402].)

The Whittier Extension Company, the common grantor of the parties, constructed a permanent gravel roadway with concrete retaining walls running through a tract of land which it owned. The roadway connected with a public highway, Oak Canyon Drive, and terminated within the tract. Thereafter the Whittier Company planted lemon and avocado groves on the tract and subdivided it, the division being made so that the boundary lines followed the roadway in such a manner that it could be used to serve each parcel. The roadway after it leaves the highway runs along the boundary between defendants' parcel and land belonging to third persons, not parties to this action, until it reaches the boundary of plaintiff's land, and thereafter it runs partly on plaintiff's and partly on defendants' land, ending at a turnabout. Before any of the parcels were sold the road was used by the Whittier Company for ingress to and egress from all parcels for the pruning of trees, fertilization, irrigation, harvesting of crops, spraying, inspection and other work incidental to growing lemons and avocados.

The parcel owned by plaintiff was purchased by her predecessor from the Whittier Company in 1930. The deed from the company did not contain any express grant of a right to use the roadway, but it did reserve to the company the right to use the portion of the roadway lying within plaintiff's parcel and also the right to dedicate that portion to public use. There was evidence that because of the hilly nature and steepness of the slope of plaintiff's property it was practically impossible to service the lemon and avocado groves thereon except by using the private roadway. Defendants purchased their parcel from the Whittier Company in 1946 and thereafter threatened to interfere with plaintiff's use of the road.

The trial court found that the roadway had been permanently constructed by the common grantor of both parties for the benefit and convenience of all parcels lying contiguous thereto, and that it had been used for more than 25 years by the company and its grantees. It further found that use of the portion of the roadway lying on defendants' land is reasonably necessary for the beneficial enjoyment of plaintiff's parcel, and that due to the nature of the terrain there is no other available means of reaching the groves located thereon. The court concluded that both parties were entitled to the use of the roadway as a means of ingress and egress to and from their respective parcels.

It is clear that plaintiff has an easement by implied grant to use the roadway for the purpose of gaining access to her property. Section 1104 of the Civil Code provides: "A transfer of real property passes all easements attached thereto, and creates in favor thereof an easement to use other real property of the person whose estate is transferred in the same manner and to the same extent as such property was obviously and permanently used by the person whose estate is transferred, for the benefit thereof, at the time when the transfer was agreed upon or completed." (See, also, *Silveira* v. *Smith*, 198 Cal. 510, 517 [246 P. 58]; *Fischer* v. *Hendler*, 49 Cal.App.2d 319, 322 [121 P.2d 792].) The conditions of section 1104 are met by the facts of this case and there is also present the additional element usually required at common law for the creation of an easement by implication, i.e., that the easement should be reasonably necessary for the enjoyment of the property conveyed. (See *Fischer* v. *Hendler, supra.*)

The principal question presented on this appeal is whether the trial court should have limited plaintiff's rights over the roadway to use for agricultural purposes, thereby precluding its use as a means of ingress and egress to and from a residence which plaintiff has indicated she intends to build on her property. Defendants contend that under section 1104 plaintiff's easement is restricted to the use being made of the roadway at the time of the severance of plaintiff's parcel, that it was then being used solely for servicing the lemon and avocado groves, and that the use of the road for purposes connected with a residence would increase the burden of the easement. In our opinion defendants' contention cannot be sustained.

The purpose of the doctrine of implied easements is to give effect to the actual intent of the parties as shown by all the facts and circumstances. Although the prior use made

of the property is one of the circumstances to be considered, easements of access have been implied in this state in situations in which there was no prior use. For example, where land was conveyed by reference to a map or plat showing proposed streets, it has been held that the grantee had an implied easement therein for use as a private way. (See *Danielson* v. *Sykes,* 157 Cal. 686, 689 [109 P. 87, 28 L.R.A.N.S. 1024]; *Douglas* v. *Lewin,* 131 Cal.App. 159, 162 [30 P.2d 959]; *Syers* v. *Dodd,* 120 Cal.App. 444, 446 [8 P.2d 157].)

██ The factors enumerated in section 1104 of the Civil Code are not exclusive of other possible factors which may have a bearing in ascertaining the extent of an easement created by implication. Section 1104, which relates to the creation of easements by implied grant, must be read with section 806 of the Civil Code, which defines the extent of all servitudes, and also in the light of the common law rules governing easements by implication. ██ Section 806 provides that "the extent of a servitude is determined by the terms of the grant, or the nature of the enjoyment by which it was acquired." Under this section, except in cases of prescriptive rights, the controlling factor is the terms of the grant. When the grant is implied, its terms must be inferred from all of the circumstances of the case. The effect of section 806 is to establish intent as the criterion, and this is in accord with the rationale of the rules governing easements by implication.

The Restatement sets forth the rule as follows: "The extent of an easement created by implication is to be inferred from the circumstances which exist at the time of the conveyance and give rise to the implication. Among these circumstances is the use which is being made of the dominant tenement at that time. Yet it does not follow that the use authorized is to be limited to such use as was required by the dominant tenement at that time. It is to be measured rather by such uses as the parties might reasonably have expected from the future uses of the dominant tenement. What the parties might reasonably have expected is to be ascertained from the circumstances existing at the time of the conveyance. It is to be assumed that they anticipated such uses as might reasonably be required by a normal development of the dominant tenement. It is not to be assumed, however, that they anticipated an abnormal development. Hence, the scope of an easement created by implication does not extend to uses required by such development." (Rest., Property, § 484, comment b.)

██ Accordingly, in determining the intent of the parties as to the extent of the grantee's rights, we are of the opinion that consideration must be given not only to the actual uses being made at the time of the severance, but also to such uses as the facts and circumstances show were within the reasonable contemplation of the parties at the time of the conveyance. Under all of the circumstances existing at the time of severance in the present case, we cannot say as a matter of law that the use of the road for purposes connected with a private residence was not within the contemplation of the parties or that the trial court erred in failing to limit plaintiff's rights in the roadway to use thereof for agricultural purposes. If at some future date there is an improper extension of the burden on defendants' parcel, they may at that time seek appropriate relief. ██ The courts, however, are not required to anticipate an improper extension of such an easement and are not called upon to prohibit acts which do not appear to be threatened or likely to occur. (See *De Haviland* v. *Warner Bros. Pictures*, 67 Cal.App.2d 225, 238 [153 P.2d 983]; *Fairbanks* v. *Macready*, 92 Cal.App. 156, 159 [267 P. 716, 268 P. 947].)

The judgment is affirmed.

Shenk, J., Edmonds, J., Carter, J., Traynor, J., Schauer, J., and Spence, J., concurred.