[Civ. No. 8410. First Appellate District. Division Two.—December 29, 1932.]

ROCHEX & ROCHEX, INC. (a Corporation), Appellant, v. SOUTHERN PACIFIC COMPANY (a Corporation), Respondent.

J. E. McCurdy for Appellant.

Kincaid & Fitzpatrick and H. W. Hobbs for Respondent.

KING, J., *pro tem.*—This action is brought for a declaratory judgment that plaintiff is the owner of a right of way over defendant's property and that this right of way be declared a public roadway.

Plaintiff owns land in San Mateo fronting on a public street, the rear line of which is bounded by property of defendant. Defendant owns a lot fronting on a street running at right angles with the street on which plaintiff's lot fronts. This lot of defendant is bounded on one side by its railroad tracks, on another by a deep creek and on the third by the rear of property belonging to plaintiff and neighboring owners, so that there is no entrance to it except on the street side. On the street side it is inclosed by a row of iron posts, about six feet apart, except that an opening has been left between posts at one point sufficiently wide for vehicles to pass through. The right of way sought is over this lot from the street to the rear of plaintiff's lot and the lots of others similarly situated. It is not for a way through defendant's property as for a road or street, but for ingress and egress to and from a cul-de-sac open on one side only. A roadway on defendant's lot extending from the street is, and for many years has been, used by defendant and lessees of its property, and also by plaintiff and others owning or using property adjoining plaintiff.

Defendant has at all times paid the taxes on the property. The roadway is described by witnesses as from ten to thirty feet wide.

At or near the entrance to defendant's property defendant has maintained a sign, since 1916 or earlier, reading, "Private Property, Permission to Pass Over Revocable at Any Time." Some witnesses stated that during the first

few years of the maintenance of this sign it read only "Private Property."

The use by plaintiff was mainly for hauling to and from the rear entrance to its property, and the owners of the other property fronting on the same street as plaintiff's property, and with the rear abutting on defendant's property made a similar use of it; while defendant used it for the various purposes incidental to the shipping of freight on its railroad, and its tenants of adjoining property for all purposes incidental to their leased portions of defendant's property. No showing was made that plaintiff or its neighbors ever formally asked or received any permission from defendant to use the property, or that their use was ever interfered with by defendant.

The complaint alleges that plaintiff's use has been continuous, open, notorious, peaceable, uninterrupted and under a claim of right as its own, and adverse to defendant. By a second cause of action plaintiff claims that the railroad company, by permitting plaintiff and the public at large to use said property, as claimed, has "Thereby offered to dedicate said right of way to the public use," and plaintiff and the public at large by their continuous use have accepted such offer.

Plaintiff claims that it has acquired the easement or right of way by prescription or adverse possession, and that the same has become a public highway by dedication on the part of the defendant.

Judgment went for defendant and plaintiff appeals.

■ Plaintiff attacks the findings, alleging that certain findings are mere conclusions of law and hence not sufficient to support the judgment. The first criticism is of finding III wherein it is found that the land described in the complaint, for many years "has had located thereon a private driveway or roadway. . . . Said driveway or roadway has been continuously used by said defendant in connection with the use of said land upon which the same is located ever since said defendant acquired title to said property in 1891."

Finding IV is to the effect that plaintiff, its predecessors and the public have not at any time used or traveled over said land "Adversely or in hostility to said defendant, or to said defendant's title, or under any claim of right."

Finding V is: "That the plaintiff had and has no right of way over the property of said defendant described in plaintiff's complaint, or any part thereof."

Finding VI is: "That the plaintiff has no prescriptive or other right to use the property of said defendant described in plaintiff's complaint, or any part thereof."

Finding VII: "That plaintiff has no right, title, or interest in or to any of the property of said defendant," etc.

Finding VIII: "That no part of said land . . . has ever been dedicated by said defendant, or accepted or used as a public road, or street, or highway, and the public has no easement, or right of way, or interest, across or in the whole or any portion of said land."

Finding IX: "That there has never been any public road, or street, or highway on said property. . . . And no part of said property is a public road, or street, or highway."

These seem to the court to be proper findings of fact, unless, possibly, we should except findings V, VI, VII and IX. If the excepted findings be disregarded, there still remain sufficient findings of fact to support the judgment.

Criticism is made by appellant of the rulings of the court in excluding certain testimony in the following instances:

Miss McCarthy, a witness for plaintiff, was asked: "While you lived there with Mr. Brown, did Mr. Brown see the general use that was made of this roadway?" To this question the court refused to permit an answer, saying: "Mr. Brown was dead long ago." Counsel for appellant replied: "But he was agent for the Southern Pacific at that time, and knowledge of the agent is knowledge of the principal, and I think we are entitled to that question."

The other instance complained of occurred while appellant was examining its witness Jennings, and the following occurred: Jennings had testified that his father was an old resident of San Mateo, now dead, and appellant's counsel asked the question: "Prior to the time of his death you had a conversation with him regarding this right of way?" On objection being made the court sustained it. Appellant's counsel then stated: "Where there is a long custom and usage, particularly in public matters, I think we are permitted to show that by statements of deceased persons.

We state, further, that there was a substitution of property regarding this identical property that we are speaking of, and we merely want to show the general understanding of the public as to that substitution of property at that time— and we offer to prove that at this time.''

In his brief appellant states that: ''The offered testimony would tend to establish the fact that the county gave the Southern Pacific Company a right of way for a street along the easterly boundary of their property, and that it was generally understood that at that time the Southern Pacific Company was to exchange for this right of way an easement along the westerly boundary of their property, i. e., the easement involved in the present controversy.''

However, no testimony was offered to prove the giving by the county of such a right of way, unless by the testimony of Jennings as to a conversation with his father.

We think the objection to the hearsay statements of Jennings, Sr., and as to what the witness McCarthy could state as to what Mr. Brown saw of the use of the property properly sustained. In the Jennings incident counsel fell far short of informing the trial court of what he now says he had expected to prove.

Respondent argues that the complaint fails to state whether the alleged right of way is 10, 20 or 30 feet wide, or whether it is 100, 200 or 500 feet long, and that it is essential in order to state a cause of action that a description of the right of way be given sufficient for identification.

A. Rochex testified: I made no objection when I saw the private property signs on the property, nor did anybody else so far as I know. I never discussed the use of this roadway with anybody. Neither I nor anybody else made any claim of any right to anybody so far as I know. I merely went in and out without discussing my rights, or whether I had a right upon it. I never made any claim to go on that driveway and use it, until this particular instance, until we commenced this suit.

Appellant claims that the facts show a use by the plaintiff and the public which has been open, continuous, uninterrupted, and ''Without the permission of the owners of the property,'' and which has continued for many years.

The use having been open, notorious and uninterrupted for many years and without the owner's permission (except

as possibly affected by the maintenance of the sign by the owners for a part of the time containing the words "Permission to pass over revocable at any time"), the vital question seems to be whether the use was adverse or hostile to defendant. If it was so adverse, the lower court erred in its judgment.

As to the dedication to the public: In the case of *Niles* v. *City of Los Angeles,* 125 Cal., at page 576 [58 Pac. 190, 191], the Supreme Court uses this language: "The law does not allow the land of a private owner to be taken for public purposes without any conveyance or consideration, except upon proof of such facts and circumstances as clearly show an intention on the part of the owner to abandon or dedicate the land to the public." And the court then quotes this from the early case reported in *Harding* v. *Jasper,* 14 Cal. 647: "The vital principle of the dedication is the intention to dedicate; and whenever this is unequivocably manifested, the dedication, so far as the owner of the soil is concerned, has been made. . . . Dedication, therefore, is a conclusion of fact to be drawn by the jury from the circumstances of each particular case." (See finding VIII quoted, *supra,* in this decision.) The court further states: "To constitute a dedication of land to the public, two things are necessary, to-wit, an intention by the owner, clearly indicated by his words or acts, to dedicate the land to public use, and an acceptance by the public of the dedication." And see this expression at page 578: "The finding that the strip of land was traveled and used by the public since 1887 without protest from appellants or predecessors in interest is only the finding of probative facts tending to prove dedication, but the fact of dedication does not necessarily follow from such probative facts, as they are not necessarily inconsistent with a total absence of intention to dedicate and may indicate a mere license."

As to the prescriptive title: In *Clarke* v. *Clarke,* 133 Cal., at page 670 [66 Pac. 10, 11], the Supreme Court says: "Defendant testified that he used the way and claimed the right to use it, but it does not appear that any such claim was ever made to plaintiff or to his grantor. It is not sufficient that the claim of right exist only in the mind of the person claiming it. It must in some way be asserted in such manner that the owner may know of the claim.

The fact that the owner knew of the travel and occasional use of the property does not even raise a presumption that such use was hostile or under claim of right. If any party who is allowed by silent permission to pass over the lands of another, nothing being said as to any right being claimed, after five years, without showing that he ever communicated such claim in any way to the owner, can thus gain title by prescription, it would be a blot upon the law. . . . The law will presume that the land belongs to the owner of the paper title, and that the use was by permission or silent acquiescence. If this presumption is overcome by evidence showing the use to have been hostile, and that the owner knew of such hostile claim, and took no steps to protect his property, for a period of five years, then the presumption changes. . . . Because he allows others to use and to travel over a vacant lot without objection, the law does not presume that he intended to give it to them."

Tested by these two cases from the Supreme Court, the evidence in this case fails to show an adverse use and shows neither a dedication to the public nor that plaintiff has a prescriptive title.

The judgment is affirmed.

Nourse, P. J., and Spence, J., concurred.